Edith R. SUSLICK, Executor of the Estate of Alvin Suslick, Deceased, Plaintiff-Appellant,

v.

ROTHSCHILD SECURITIES CORP., et al., Defendants-Appellees.

No. 83–2570.

United States Court of Appeals, Seventh Circuit.

Argued May 21, 1984.

Decided Aug. 16, 1984.

As Amended Aug. 21, 1984.

Henry Thrush Synek, Chicago, Ill., for plaintiff-appellant.

Bruce L. Wald, Tishler & Wald, Chicago, Ill., for defendants-appellees.

Before WOOD and ESCHBACH, Circuit Judges, and CAMPBELL, Senior District Judge.[*]

HARLINGTON WOOD, Jr., Circuit Judge.

The principal issue in this case concerns the interplay between the federal doctrine of equitable tolling and the state statute of limitations adopted for actions brought pursuant to § 17(a) of the Securities Act of 1933, § 10(b) the Securities Exchange Act of 1934, and Rule 10b–5 of the Securities and Exchange Commission (SEC) in the absence of an applicable federal statute of limitations. The district court held that the appropriate limitations period was the three-year period contained in Ill.Rev.Stat. ch. 121½ § 137.13 D (1977), that the limitations period had run, that the appellant had failed to allege any facts which would toll the running of the statute, and that therefore the appellant's claim was barred. The district court also assessed attorneys' fees against the appellant and her attorney pursuant to 28 U.S.C. § 1927 and Rule 11, Federal Rules of Civil Procedure. While we hold that the appellant did allege sufficient facts to toll the running of the statute during part of the limitations period, the limitations period nevertheless ran and we therefore affirm the order of the district court dismissing the appellant's complaint. Because we conclude that neither the appellant nor her counsel acted with subjective bad faith, we hold that an award of

---

* Honorable William J. Campbell, Senior District Judge of the Northern District of Illinois, sitting    by designation.

fees was unjustified and we therefore reverse that aspect of the district court's order.

## I.

The appellant, acting in her capacity as executor of her late husband's estate, filed her initial complaint in this action on May 19, 1981. The complaint alleged that the appellees, defendants below, had violated § 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q(a), § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and SEC Rule 10b–5 in their handling of an options trading account on behalf of the decedent. The appellees subsequently moved to dismiss on the grounds that the action was barred by *res judicata* and the applicable statute of limitations.[1]

The district court granted the appellees' motion to dismiss on the ground that this action was barred by the three-year statute of limitations contained in Ill.Rev.Stat. ch. 121½ § 137.13 D (1977), and applicable to actions under § 10(b) and Rule 10b–5. The district court noted that the appellant had failed to allege either active concealment of the cause of action by the appellees or due diligence in investigating a possible cause of action by the appellant, either of which might have tolled the running of the statute.

The appellant filed an amended complaint on March 12, 1982. The appellees moved to dismiss and moved for an award of attorneys' fees. The appellant then filed a second amended complaint on June 21, 1982; it is this complaint which is the subject of this appeal.

In her second amended complaint the appellant alleged that her decedent maintained an account with the appellees from 1975 until his death on May 22, 1978. The appellant further alleged that the appellees owed both her and the decedent a fiduciary duty with respect to the trading account and with respect to disclosure of the risks involved in trading options. The second amended complaint also contains a listing of the trades which underlie the alleged securities law violations in this case. The last trade took place in July 1976. Finally, the appellant alleged that, after the decedent's death, the appellees actively concealed from the appellant and her attorney information from which the appellant or her attorney could determine whether or not a cause of action existed against the appellees. The appellant alleged that the specific acts of concealment committed by the appellees included claims: that no option account existed in the decedent's name; that the files in which such an account might be listed were in New York City; that the files were in a Chicago warehouse; that the files were misplaced; that the entire file was not available; that there was nothing wrong with the account; that because of an office move the file was misplaced; and that the person in charge was on vacation or had left the appellees' employ. The appellant also generally alleges that despite her frequent requests the appellees withheld information about the account until August 1979. Significantly, the appellant does not allege that the appellees ever actively concealed any information from the decedent prior to his death.

The district court dismissed this second amended complaint on December 30, 1982. The court again found that the applicable statute of limitations had run and that the appellant's complaint was therefore barred because the appellant had alleged no basis for an equitable tolling of the limitations period. The district court also awarded attorneys' fees to the appellee pursuant to

---

1. The appellees' *res judicata* argument was based on a prior action brought by the appellant and her children as the decedent's heirs; in this earlier action the plaintiffs also alleged various securities violations by the appellees; the complaint was dismissed by the district court for failure to bring the action within the time provided by the requisite statute of limitations. The appellant did not appeal the dismissal of this complaint and did not amend the complaint. The complaint in this original action is included in the supplemental record submitted with this appeal.

28 U.S.C. § 1927[2] and Rule 11, Federal Rules of Civil Procedure.[3] The court based its award of fees on a finding that the second amended complaint was filed for vexatious and oppressive reasons, although the district court does not specifically find how the pleadings were vexatious and oppressive; in a later denial of the appellant's motion for reconsideration, the district court observed that the appellant's pleadings "speak for themselves." The fees were to be assessed against both the appellant and her attorney. The appellant filed a timely notice of appeal to this Court.

To avoid confusion, we briefly restate the pleadings and parties involved in this appeal. Three complaints are involved. The first was filed by the appellant in her capacity as the decedent's heir; this complaint was dismissed and the appellant neither amended the complaint nor appealed its dismissal. The appellant then filed the initial complaint in this action, which was dismissed. The appellant then amended her complaint, which was again dismissed and the appellant appealed. The first two complaints do not allege any concealment of the cause of action by the appellees; the last complaint does allege active concealment. However, this final complaint only alleges that the appellees concealed the cause of action from the appellant. No acts of concealment were alleged to have occurred between the date of the final transaction on the options account and the death of the appellant's predecessor in interest, her husband. As will be discussed below, the applicable statute of limitations on any claim arising out of the options account would run first against the decedent and then against the appellant, unless tolled.

## II.

The appellant raises two principal issues on appeal. The appellant first argues that the district court erred in applying a three-year statute of limitations to bar the appellant's action. Rather, appellant asserts that the proper statute of limitations is the five years after discovery limitation imposed on actions for fraudulent concealment by Ill.Rev.Stat. ch. 110 § 13–215 (1982). The appellant also argues that her second amended complaint was a good faith effort to comply with the earlier orders of the district court, was not vexatious and oppressive, and therefore did not justi-

**2.** 28 U.S.C. § 1927 provides:

§ 1927. Counsel's liability for excessive costs
Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct.

**3.** Rule 11, Federal Rules of Civil Procedure, provides:

Rule 11. Signing of Pleadings, Motions, and Other Papers; Sanctions
Every pleading, motion and other paper of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated. A party who is not represented by an attorney shall sign his pleading, motion, or other paper and state his address. Except when otherwise specifically provided by a rule or statute, pleadings need not be verified or accompanied by affidavit. The rule in equity that the averments of an answer under oath must be overcome by the testimony of two witnesses or of one witness sustained by corroborating circumstances is abolished. The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper, that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. If a pleading, motion, or other paper is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the pleader or movant. If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

fy an award of attorneys' fees to the appellee under either § 1927 or Rule 11. We will consider each argument in turn, as well as an additional tolling issue not raised by the parties. In this appeal of the dismissal of the appellant's complaint we of course view the allegations in the complaint and any inferences drawn from them in the light most favorable to the appellant. *Goldstandt v. Bear, Stearns & Co.*, 522 F.2d 1265, 1268 (7th Cir.1975).

### A.

■ Both parties agree that because there is no general federal statute of limitations and because there is no provision concerning limitations in either § 17 of the Securities Act of 1933 or § 10 of the Securities Exchange Act of 1934, the appropriate limitations act in the forum state of Illinois controls. *Parrent v. Midwest Rug Mills, Inc.*, 455 F.2d 123, 125 (7th Cir.1972). And this Court and the district courts have repeatedly held that the appropriate statute of limitations is the three-year limitation imposed by Ill.Rev.Stat. ch. 121½ § 137.13 D (1977). *Id.* at 126; *see Cahill v. Ernst & Ernst*, 625 F.2d 151, 153 (7th Cir.1980) (citing cases).

■ The appellant nevertheless asserts that, because the appellees fraudulently concealed the cause of action from her, the five years after discovery limitation of the predecessor of Ill.Rev.Stat. ch. 110 § 13–215 (1982) should apply. The appellant misunderstands the effect of an allegation of fraudulent concealment on the running of the statute of limitations in federal securities violation cases. The usual three-year limitation still applies. The federal doctrine of equitable tolling is available, however, to determine when the limitations period begins to run. *Tomera v. Galt*, 511 F.2d 504, 509 (7th Cir.1975) (federal doctrine of equitable tolling applies in 10b–5 actions); *Sperry v. Barggren*, 523 F.2d 708, 710 (7th Cir.1975) (equitable tolling doctrine is read into every federal statute of limitations including state statutes adopted by federal law).

■ Equitable tolling applies in two situations. First, the doctrine will toll the running of the statute of limitations where the fraud goes undiscovered even though the defendant does nothing to conceal it. The plaintiff, however, must exercise due diligence in attempting to uncover the fraud. In the second situation in which equitable tolling applies, the fraud goes undiscovered because the defendant has taken positive steps after commission of the fraud to keep it concealed. This type of fraudulent concealment tolls the limitations period until actual discovery by the plaintiff. *Tomerd v. Galt*, 511 F.2d at 510. The district court in this case found that the appellant had alleged neither diligence on her part nor active concealment on the appellees' part. We need not decide whether the appellant exercised due diligence in investigating a possible cause of action in this case because we conclude that the district court erred in finding that the appellant's second amended complaint failed to allege active concealment by the appellees from her, although not from her deceased husband. We also conclude that while this allegation of active concealment may assist the appellant in her attack on the district court's award of attorneys' fees, it provides no assistance on the merits of the appellant's claim because even eliminating the period during which the appellant alleges active concealment, the three-year limitations period nevertheless ran.

In *Tomera v. Galt*, 511 F.2d at 509–10, this Court held that the following allegation was sufficient to avoid summary disposition on a statute of limitations challenge:

> [D]uring the period commencing on or about January 1, 1968 and continuing to the present, the defendants herein engaged in a continuing scheme and artifice to defraud investors, including plaintiffs, in connection with the purchase, solicitation, offer and sale of the unregistered securities as aforesaid, in further violation of Section 10–b [10(b)] of the Securities Exchange Act of 1934 and Rule 10b–5 of the Securities and Exchange Commission promulgated thereunder.

■ In this action the appellant's second amended complaint contains far more specific allegations of active concealment by the appellees than the allegations found to be sufficient in *Tomera*. The district court's conclusion that the appellant failed to allege active concealment was therefore erroneous.

Our conclusion that the appellant sufficiently alleged active concealment from her by the appellees will offer the appellant little solace because we also conclude that the limitations period expired anyway. The doctrine of equitable tolling is only available to toll the running of the statute of limitations during the period in which the potential defendants are concealing the cause of action from the potential plaintiff. It is settled that a cause of action under either the Securities Act of 1933 or the Securities Exchange Act of 1934 arises on the date the sale of the instrument is completed. In this case then the last date upon which this cause of action could have arisen was July 1976. Further, the appellant nowhere alleges that the appellees concealed the cause of action from her decedent. Because there is no allegation that the appellees concealed the cause of action from the appellant's predecessor in interest—the decedent—the doctrine of equitable tolling is not available to toll the running of the limitations period from the date on which the cause of action arose, July 1976, until at least the decedent's death on May 22, 1978, a period of twenty-two months. Accepting the appellant's allegations as true, the appellees then initiated their concealment scheme and the limitations period was thus tolled until the appellees provided the appellant in August 1979 with the information she claims was necessary to begin this action. However, another twenty-one and one-half months passed between August 1979 and the date upon which the first complaint in this action was filed. The limitations period therefore ran for two periods totalling forty-three and one-half

months, more than seven months in excess of the three-year limitations period; this action is therefore barred even if the appellant did sufficiently allege active concealment of the cause of action from her by the appellees, unless some other rule tolling the statute of limitations would operate to the appellant's benefit. We briefly discuss one such rule.

■ Although raised by neither party, the appellant might be able to avail herself of a second rule tolling the running of the statute of limitations during the pendency of her first action against the appellees. The complaint in this earlier action was filed on May 11, 1980, and dismissed on September 29, 1980. The Supreme Court has held that where the federal courts adopt a state statute of limitations in the absence of a specific statute enacted by Congress, the courts must also adopt the state rules tolling that statute of limitations unless the rules are inconsistent with the Constitution and laws of the United States. *Board of Regents of University of State of New York v. Tomanio*, 446 U.S. 478, 483–86, 100 S.Ct. 1790, 1794–96, 64 L.Ed.2d 440 (1980). *See Duncan v. Nelson*, 466 F.2d 939, 941 (7th Cir.), *cert. denied*, 409 U.S. 894, 93 S.Ct. 175, 34 L.Ed.2d 152 (1972) (whether an applicable state statute has been tolled in a federal action is a matter governed by state law). The applicable Illinois statute provides that a prior judicial proceeding will affect the running of the statute of limitations in five situations: where judgment is entered for the plaintiff but reversed on appeal; where after a verdict in favor of the plaintiff a motion in arrest of judgment is granted against the plaintiff; where the action is voluntarily dismissed by the plaintiff; where the action is dismissed for want of prosecution; or where the action is dismissed by a federal district court for lack of jurisdiction. Ill.Rev.Stat. ch. 110 § 13–217 (1982).[4] The statute provides that in

---

**4.** Ill.Rev.Stat. ch. 110 § 13–217 (1982) provides in full:

13–217. Reversal or dismissal

In the actions specified in Article XIII of this Act or any other act or contract where the time for commencing an action is limited, if judgment is entered for the plaintiff but re-

these situations the plaintiff or his or her successors may commence a new action within one year after the original judgment was reversed or dismissal was entered, or within the original period of limitation, whichever is greater. *Id.* Because this action was brought within one year of the dismissal of the earlier action, § 13–217 would render this action timely if the statute applies. The appellant's original complaint in this earlier action, however, was dismissed because the action was barred by the statute of limitations, not for any of the reasons which would trigger the Illinois tolling statute. Section 13–217 of Chapter 110 is therefore not available to toll the running of the statute of limitations and we consequently affirm the order of the district court holding that the appellant's action is barred. *Perkins v. Hendrickson Manufacturing Co.,* 610 F.2d 469, 470–71 (7th Cir.1979) (predecessor of § 13–217 cannot save subsequent action where statute of limitations ran before first action was filed).[5]

### B.

■■■ Finally, we consider the district court's order awarding attorneys' fees to the appellees. An award of attorneys' fees is entrusted to the district court's discretion; we may review the award of fees for an abuse of that discretion although the amount of fees has not yet been fixed. *Wang v. Gordon,* 715 F.2d 1187, 1190 (7th Cir.1983).

■■■ The district court assessed fees against both the appellant and her attorney pursuant to 28 U.S.C. § 1927 and Rule 11, Federal Rules of Civil Procedure. Section 1927 will support an award of fees only against the appellant's counsel. There are two prerequisites for imposition of fees under § 1927: (1) the actions by the attorney must multiply the proceedings, and (2) these actions must be vexatious and unreasonable. *Overnite Transportation Co. v. Chicago Industrial Tire Co.,* 697 F.2d 789, 794 (7th Cir.1983). This second component of liability under § 1927 requires subjective bad faith by the attorney. *McCandless v. Great Atlantic and Pacific Tea Co., Inc.,* 697 F.2d 198, 201 (7th Cir.1983). And while the meritlessness of the action is evidence of bad faith, the claim must lack even a colorable basis in law to justify an award of fees. *Analytica, Inc. v. NPD Research, Inc.,* 708 F.2d 1263, 1269 (7th Cir.1983). In a recent case also involving alleged violations of § 10(b) and Rule 10b–5, this Court held that the complex questions raised by the statute of limitations in that case demonstrated the colorability of the plaintiffs' complaint and precluded an award of fees against the plaintiffs' attorneys. *Gieringer v. Silverman,* 731 F.2d 1272, 1281–82 (7th Cir.1984). A similar result is appropriate in this appeal. As we concluded above, the appellant's attorney correctly argued that the running of the statute of limitations should be tolled for some part of the limitations period, although the attorney never identified the correct legal basis for that tolling. This case involves a complicated interaction between state and federal law and we are therefore unwilling to conclude that the actions of the appellant's attorney was sufficient to amount to bad faith justifying an award of fees under § 1927.

---

versed on appeal, or if there is a verdict in favor of the plaintiff and, upon a motion in arrest of judgment, the judgment is entered against the plaintiff, or the action is voluntarily dismissed by the plaintiff, or the action is dismissed for want of prosecution, or the action is dismissed by a United States District Court for lack of jurisdiction, then whether or not the time limitation for bringing such action expires during the pendency of such action, the plaintiff, his or her heirs, executors or administrators may commence a new action within one year or within the remaining period of limitation, whichever is greater, after such judgment is reversed or entered against the plaintiff, or after the action is voluntarily dismissed by the plaintiff, or the action is dismissed for want of prosecution, or the action is dismissed by a United States District Court for lack of jurisdiction.

5. We note in passing that, even if the decision that the initial action was barred by the statute of limitations was incorrect, it is far too late to challenge the propriety of the dismissal of the appellant's first action.

We reach the same result with respect to imposition of fees pursuant to Rule 11, Federal Rules of Civil Procedure. Like § 1927, Rule 11 requires a finding of subjective bad faith on the part of the person against whom fees are to be assessed. *Badillo v. Central Steel and Wire Co.*, 717 F.2d 1160, 1166–67 (7th Cir.1983). No explicit finding of bad faith was made by the district court and, based on the record before us, no such finding is possible. In addition to the colorable nature of the appellant's claim, we further note that on at least two occasions the district court all but invited the appellant to resubmit her complaint. This action by the district court supports our conclusion that neither the appellant nor her counsel acted with subjective bad faith and that therefore an award of fees is unwarranted. *See Badillo v. Central Steel and Wire Co.*, 717 F.2d at 1165 (repeated filing of defective complaint not sufficient in itself to justify an award of attorneys' fees against plaintiff).

### III.

We conclude that although the federal doctrine of equitable tolling would act to toll the three-year statute of limitations in this case, the appellant's claim is nevertheless barred for failure to begin the action within the limitations period. We therefore affirm the order of the district court dismissing the appellant's second amended complaint. Because we find that neither the appellant nor her counsel acted with subjective bad faith in their filing of pleadings below, we reverse the district court order imposing attorneys' fees against the appellant and her counsel.

Affirmed in part and Reversed in part.