An order will be entered in accordance with this Opinion.

**Lee H. DAVIS, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 84 C 5431.**

United States District Court, N.D. Illinois, E.D.

Feb. 4, 1985.

Lee H. Davis, pro se.

Debra L. Stefanik, U.S. Dept. of Justice, Washington, D.C., Robert T. Grueneberg, Asst. U.S. Atty., Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

WILLIAM T. HART, District Judge.

After the Internal Revenue Service imposed a civil penalty on plaintiff under 26 U.S.C. § 6702, plaintiff paid 15% of the penalty and instituted this action under 26 U.S.C. § 6703(c) to challenge the penalty. On 31 October 1984 this court entered summary judgment in favor of defendant, find-

ing plaintiff's arguments without merit. *Davis v. United States*, 54 A.F.T.R.2d (P– H) ¶ 5460 (N.D.Ill.1984). That opinion noted that defendant requested attorneys' fees in its reply brief on the summary judgment motion but declined to grant that relief because it was not part of the motion pending and plaintiff had not had a chance to respond. Presently before the court is defendant's motion for an award of attorneys' fees and costs, which will be treated as a motion for attorneys' fees only since costs were awarded as part of the original judgment.

The first question to address is whether defendant's motion is timely. If the motion is one under Fed.R.Civ.P. 59(e), to alter or amend the judgment, then it is untimely because it was filed on November 14— more than ten days after entry of the judgment. If Rule 59(e) does not apply here, however, the motion is timely either under Fed.R.Civ.P. 54(d), which allows costs to be recovered and imposes no time limit other than reasonableness (*Bittner v. Sadoff & Rudoy Industries*, 728 F.2d 820, 827 (7th Cir.1984)), or Rule 46 of the general rules of this court, which requires petitions for attorneys' fees to be filed within 90 days after entry of final judgment.[1]

Plaintiff has not raised the issue of timeliness, which is not surprising since he has proceeded *pro se* in this action and can't reasonably be expected to know the existence or the intricacies of post-judgment timeliness requirements. Less understandably, defendant also failed to address this issue, and did not even state in its motion or supporting brief what rule it relied on for making the motion. *See A.D. Weiss Lithograph Co. v. Illinois Adhesive Products Co.*, 705 F.2d 249 (7th Cir.1983).

One way to characterize this motion is as a motion for reconsideration of that part of this court's October 31 order that denied defendant's request for attorneys' fees. So cast, the motion is undoubtedly brought pursuant to Rule 59(e), even if a motion for

fees brought in the first instance after the judgment would fall under another rule. *Bank of California v. Arthur Andersen & Co.*, 709 F.2d 1174, 1176 (7th Cir.1983). But that characterization does not fit these facts, since the October 31 order treated the fees request as not properly before the court, or at most denied the request without prejudice. Therefore, the present motion is a new (or renewed) motion rather than a request for reconsideration of an earlier motion.

In *Bond v. Stanton*, 630 F.2d 1231 (7th Cir.1980), the Seventh Circuit held that a request for attorneys' fees pursuant to the Civil Rights Attorney's Fees Awards Act, 42 U.S.C. § 1988, was within Rule 54(d) rather than Rule 59(e) and therefore did not have to be filed within the latter rule's 10-day limit. In reaching that conclusion, the Court distinguished "the usual case where attorney's fees are not provided for by statute and are sought as part of the litigation itself", citing *Stacy v. Williams*, 446 F.2d 1366 (5th Cir.1971), in which the Fifth Circuit held that a motion for fees on the ground that the opposing party had acted in bad faith must be brought within the 10-day limit of Rule 59(e). Though the Seventh Circuit has yet to explicitly rule on the issue here presented, subsequent cases show that the distinction implied in *Stanton* has endured and controls this case.

*Hairline Creations, Inc. v. Kefalas*, 664 F.2d 652 (7th Cir.1981), held that fees requests under 15 U.S.C. § 117, allowing the award of attorneys' fees in "exceptional cases" involving trademark infringement, fall under Rule 59(e) rather than 54(d). The Court stated that deciding what rule to apply to a post-judgment fees request "requires examination of the nature of the exception under which the fees are claimed and the conditions under which fees are awarded." *Id.* at 656. On the facts presented the Court held that "the attorneys' fees question is inseparable from the substantive issues of the case," because in

---

1. General Rule 46 cannot be regarded as disposing of the timeliness issue since if defendant's request *does* fall within Rule 59(e) this court has

no power, by rule or otherwise, to extend the time limit. Fed.R.Civ.P. 6(b).

determining whether the "exceptional" requirement has been met the trial court must "reexamine the basis of the judgment" to determine if the opposing party's action was "malicious, fraudulent, deliberate, or willful." *Id.* at 659, 658. The Court concluded that the fees request raised issues intertwined with the merits of the judgment and not collateral to it, so it came under Rule 59(e). *Id.* at 659.

*Spray-Rite Service Corp. v. Monsanto Co.*, 684 F.2d 1226 (7th Cir.1982), *aff'd on other issues*, —— U.S. ——, 104 S.Ct. 1464, 79 L.Ed.2d 775 (1984), is the next major Seventh Circuit case. In holding that post-judgment motions for fees under § 15 of the Clayton Act fall under Rule 54(d), the Court likened such motions to fees requests under 42 U.S.C. § 1988, which the Supreme Court had held in *White v. New Hampshire Dept. of Employment Security*, 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982), were not subject to Rule 59(e). For present purposes, *Spray-Rite* and *White* are important because the rationale of both cases is the collateral/intertwined distinction adopted in *Hairline Creations*. In fact, in a footnote, the *Spray-Rite* Court distinguished *Hairline Creations* as a case where "the decision to assess fees was not collateral to the merits of the underlying cause of action," *id.* at n. 22, and pointed out that 42 U.S.C. § 1988 and 15 U.S.C. § 15, unlike the statute at issue in *Hairline Creations*, permit recovery of fees as a matter of course to the prevailing party.

Finally, in *Bittner v. Sadoff & Rudoy Industries*, 728 F.2d 820 (7th Cir.1984), the Seventh Circuit held that a fees request pursuant to 29 U.S.C. § 1132(g)(1), which allows a court "in its discretion" to award a reasonable attorney's fee to either party in an ERISA action, falls under Rule 54(d) rather than 59(e). The Court analogized § 1132(g)(1) to the statutes involved in *White* and *Spray-Rite* and suggested that the "practical" reason for those holdings is that the "Rule 59(e) route would trap the unwary in some cases and in others cause half-baked fee requests to be submitted that would have to be amended later." *Id.* at 828. The Court also suggested a new

rationale for *Hairline Creations*, stating that because the statute there involved allowed fees only in "exceptional" (i.e., malicious, fraudulent, willful, or deliberate) cases an award of fees under that statute is akin to an award of punitive damages; "and of course a plaintiff disappointed with a judgment that did not include an award of punitive damages would have to get the judgment amended [under Rule 59(e)] if he wanted them added." *Id.*

■ Based on the foregoing precedent, this court concludes defendant's request for attorneys' fees under Rule 11 is a request to amend the judgment under Rule 59(e). As in *Hairline Creations*, an award under Rule 11 requires this court to reexamine the basis of the grant of summary judgment to determine whether plaintiff brought this action in bad faith or for improper purposes. Therefore, a Rule 11 fees award is not collateral as in *White* and *Spray-Rite*. Also like *Hairline Creations*, an award under Rule 11 is not a matter of course but is awarded only in limited circumstances. And if *Bittner* is taken to mean that Rule 59(e) governs only fees awards that are punitive, it is clear that a fees award in this case would be nothing other than punitive. Finally, the practical reason given in *Bittner* does not apply in the case of Rule 11 sanctions. As well illustrated by this case, to know the facts justifying judgment is to know the facts that might justify sanctions. Therefore, defendant had sufficient warning and time to prepare an adequate fee request. It is also worth noting that, as was done here (and as almost always would be true where the fee request is made as part of the request for judgment on the merits), a fee request can be made without identifying the amount requested, and if the request is granted the amount can then be identified. *See, e.g., SFM Corp. v. Sundstrand Corp.*, 102 F.R.D. 555, 560 (N.D.Ill.1984) (fees requested after summary judgment awarded); *Ring v. R.J. Reynolds Industries*, 597 F.Supp. 1277, 1282 (N.D.Ill.1984) (fees requested contemporaneously with motion to dismiss). *See also St. Marys Hospital*

*Medical Center v. Heckler,* 753 F.2d 1362, 1365 No. 84–1443, slip op. at 5 (7th Cir. Jan. 22, 1985) (rejecting the argument that Rule 59 motions must set forth the requested relief with specificity). Defendant's fees request must therefore be regarded as not collateral to the merits of the October 31 order and is denied as untimely.

■ Even if this motion had been timely, it would be denied. Defendant's motion reads as if plaintiff filed this suit on the sole ground that wages are not taxable income. If that were correct, then a sanction under Rule 11 would be appropriate because no one, after "reasonable inquiry," could believe that such a claim has any basis in law or has any chance of overcoming existing law. *See, e.g., United States v. Koliboski,* 732 F.2d 1328, 1329 n. 1 (7th Cir.1984) ("WAGES ARE INCOME"). However, while the wages-are-not-income idea was part of plaintiff's reason for not filing a proper tax return, that idea was not the legal basis for this action. Instead, plaintiff argued that 26 U.S.C. § 6702(a) did not apply to him because (1) his tax return, being incomplete, was not a "self-assessment" within the meaning of that section; and (2) his return contained enough information for the IRS to figure his tax. Plaintiff also argued that a hearing to determine his actual state of mind was a necessary prerequisite to a finding that his failure to file a proper return was "frivolous" within the meaning of the statute. This court rejected those claims, but in making them plaintiff was not insisting on "litigating a question in the face of controlling precedents which removed every colorable basis in law for the litigant's position." *Reid v. United States,* 715 F.2d 1148, 1154 (7th Cir.1983) citing *Analytica, Inc. v. NPD Research, Inc.,* 708 F.2d 1263 (7th Cir.1983). Nor is there any other basis

for finding that this suit was brought in the subjective bad faith required by Rule 11. *Suslick v. Rothschild Securities Corp.,* 741 F.2d 1000, 1007 (7th Cir.1984).[2]

Defendant is in effect asking this court to punish plaintiff again for filing a frivolous tax return. That function, however, has been assigned by Congress to 26 U.S.C. § 6702. Rule 11 of the Federal Rules serves a different purpose—to punish attorneys and parties who file lawsuits (not tax returns) in bad faith or for improper purposes. Plaintiff's tax return was frivolous, this lawsuit was not. Indeed, to accept defendant's position on these facts would mean that every time a person sues under § 6703 to recover a tax penalty assessed under § 6702 and loses, that person will automatically be assessed for the government's attorneys' fees. This court finds no evidence that Congress intended such a result.

IT IS THEREFORE ORDERED that defendant's motion for attorneys' fees is denied.

**2.** Requiring *subjective* bad faith seems inconsistent with the intent of the drafters of the 1983 revision of Rule 11. *See SFM Corp. v. Sundstrand Corp.,* 102 F.R.D. 555, 557 (N.D.Ill.1984) (discussing Advisory Committee Notes). The explanation may be that *Suslick* relied on *Badillo v. Central Steel and Wire Co.,* 717 F.2d 1160 (7th Cir.1983), a case decided before the 1983

revision, but whatever the reason it is clear that *Suslick* itself was interpreting the amended version of Rule 11, *see* 741 F.2d at 1003 n. 3, and this court is bound by that interpretation. In any event, fees would not be appropriate even under the less stringent standard intended by the Advisory Committee.