**Bill O. BLUME, Plaintiff,**

v.

**Stanley LEAKE, et al., Defendants.**

**Civ. No. 84–3123.**

United States District Court, D. Idaho.

June 4, 1985.

---

Bill O. Blume, pro se.

William R. VanHole, U.S. Atty., Boise, Idaho, and F. Michael Kovach, Jr., Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendants.

## ORDER

RYAN, District Judge.

On March 4, 1985, defendants filed their Motion for Summary Judgment supported by a statement of material facts not in dispute, the declaration of Michael Kovach, Jr., and a memorandum brief of points and authorities. Plaintiff responded on March 18, 1985, by filing his memorandum in opposition to defendants' Motion for Summary Judgment. On April 16, 1985, defendants filed a reply brief. Finally, on April 22, 1985, plaintiff filed a "Plaintiffs Answer." The court has reviewed all pleadings on file and determines that defendants' Motion for Summary Judgment should be granted.

This action arises out of a sale, by the Internal Revenue Service, of nine undeveloped lots owned by plaintiff. The sale took place to satisfy plaintiff's outstanding tax liability for the years 1976, 1977, and 1978. The sale took place on June 16, 1983. On June 17, 1983, before plaintiff's tax liabilities were satisfied, plaintiff filed a Complaint and demand for injunction. *See Blume v. Leake*, Civil No. 83–3074 (D.Idaho March 15, 1984). Both the 1983 action and the present action seek to restrain the collection of plaintiff's federal tax liability. In the 1983 action, the court held that Mr. Blume had failed to state a claim upon which relief could be granted. Pursuant to this finding, the court dismissed plaintiff's claim on November 7, 1984. Said dismissal constituted an adjudication upon the merits. *See Rhodes v. Jones*, 351 F.2d 884, 887 (8th Cir.1965), *cert. denied*, 383 U.S. 919, 86 S.Ct. 914, 15 L.Ed.2d 673 (1966); *Shaw v. Merritt-Chapman & Scott Corp.*, 554 F.2d 786, 789 (6th Cir.1977). It is well-established that a final judgment upon the merits in an action constitutes a bar for purposes of relitigating issues that were or could have been litigated in that action. *Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 398, 101 S.Ct. 2424, 2427, 69 L.Ed.2d 103 (1981). Since this action raises the same issues raised in the 1983 suit, res judicata prohibits re-litigation of these same issues.

Defendants have also requested the court, pursuant to Section 7402(a) of the Internal Revenue Code of 1954, to enjoin plaintiff from filing any more claims without prior approval of the court. Such a broad-reaching injunction may violate plaintiff's due process rights. However, the

court is cognizant of the problem posed by plaintiff's tendency to file frivolous suits. In an effort to address this problem, the court believes an order prohibiting plaintiff from filing any more actions based upon the June 16, 1983, sale of his property is more appropriate. In addition, Mr. Blume should be prohibited from instigating suit against the Internal Revenue Service, its agents, or any of the individuals that purchased or may purchase the property in question at the June 16, 1983, sale.

Lastly, defendants have requested the court to impose Rule 11 sanctions on Mr. Blume. *See* Rule 11, Fed.R.Civ.P. The court recognizes Mr. Blume is proceeding pro se in this matter, and as such, the court will grant Mr. Blume the benefit of the doubt. However, the court specifically puts Mr. Blume on notice that if he files any more frivolous suits before this court, the court will not hesitate to impose substantial Rule 11 sanctions against him.

Based upon the foregoing and the court being fully advised in the premises,

IT IS HEREBY ORDERED that the defendants' Motion for Summary Judgment should be, and hereby is, GRANTED pursuant to Rule 56 of the Federal Rules of Civil Procedure.

IT IS FURTHER ORDERED that the plaintiff is hereby ENJOINED FROM FILING future suits based upon the sale of this land. This will include, but is not limited to, suits against the Internal Revenue Service, agents of the Internal Revenue Service, and the purchasers of the property.