775 F.2d 173
 3 Fed.R.Serv.3d 231
 John TARKOWSKI, Plaintiff-Appellant,
v.
COUNTY OF LAKE; Dennis Ryan, as an individual and as
State's Attorney of Lake County; and David
Weidenfeld, as an individual and as
Assistant State's Attorney of
Lake County,
Defendants-
Appellees.
 Nos. 84-2953, 85-1060.
 United States Court of Appeals,
Seventh Circuit.
 Submitted July 25, 1985.
Decided Oct. 10, 1985.
 
 John Tarkowski, pro se.
 Gail Tuler Friedman, Asst. State's Atty., Waukegan, Ill., for defendants-appellees.
 Before ESCHBACH, POSNER and COFFEY, Circuit Judges.
 POSNER, Circuit Judge.
 
 
 1
 John Tarkowski, appearing pro se, appeals from the district court's dismissal of his civil rights suit (42 U.S.C. Sec. 1983) against an Illinois county and various officials thereof, while the defendants cross-appeal from the district court's denial of their motion for an award of slightly less than $2,000 in attorney's fees incurred to defend against Tarkowski's action.
 
 
 2
 The suit grows out of a zoning dispute--which Tarkowski lost, see Bartlett v. Tarkowski, 38 Ill.App.3d 134, 347 N.E.2d 415 (1976)--over Tarkowski's use of his land for storage of vehicles. According to the defendants' motion for attorney's fees, Tarkowski after losing in state court brought eight separate federal-court actions, which were meritless, against the defendants and other state agencies and officials, to prevent the closing down of his storage operation. In an effort to staunch the flow, the defendants brought their own federal court action to enjoin Tarkowski from bringing additional federal suits against them. That action was dismissed in 1980 for lack of federal jurisdiction. Four years later Tarkowski brought the present suit, which charges that the defendants' suit had been malicious, without probable cause, and intended to retaliate against Tarkowski for exercising his federal constitutional rights. The district judge dismissed Tarkowski's suit in part because he found that the defendants had had probable cause for their suit against Tarkowski.
 
 
 3
 If public officials bring a baseless suit designed to deter an individual from enforcing his federal constitutional rights, they can perhaps be said to be depriving him of those rights, and such a deprivation, when done under color of state law, is actionable under 42 U.S.C. Sec. 1983, which creates a federal tort remedy for deprivations of federal rights under color of state law. We have softened our statement with a "perhaps" in recognition that although several decisions in this circuit, notably Hampton v. City of Chicago, 484 F.2d 602, 609 (7th Cir.1973), and Hampton v. Hanrahan, 600 F.2d 600, 630 (7th Cir.1979), rev'd in part on other grounds, 446 U.S. 754, 100 S.Ct. 1987, 64 L.Ed.2d 670 (1980) (per curiam), say that this kind of malicious prosecution is actionable under section 1983, their discussion of this question is summary and we have found no case that has actually found liability. Wolfel v. Bates, 707 F.2d 932, 934 (6th Cir.1983) (per curiam), provides some support for the proposition, while Havas v. Thornton, 609 F.2d 372 (9th Cir.1979), and Bretz v. Kelman, 722 F.2d 503, 506 (9th Cir.1983), look the other way, but all three cases are distinguishable from the present case.
 
 
 4
 Fortunately the issue is not important in this case; as the district judge correctly found, the present defendants' suit against Tarkowski was not baseless, even though it was dismissed for lack of federal jurisdiction. The defendants had claimed in that suit that the federal courts have power to prevent the abuse of their process, and this is true, see, e.g., Green v. Warden, U.S. Penitentiary, 699 F.2d 364, 368 (7th Cir.1983); the problem is that the power can only be exercised in a case that is properly in federal court. If the defendants had been counterclaiming in one of the suits brought by Tarkowski to enforce his federal civil rights, the court could have enjoined Tarkowski from filing further suits, as a remedy on the counterclaim. But they were not counterclaiming, they were bringing an original action, and one for which the district court in which it was filed was unable to find a federal statutory basis. It has generally, and we think correctly, been assumed that there is no federal tort of malicious prosecution. See Wheeldin v. Wheeler, 373 U.S. 647, 651-52, 83 S.Ct. 1441, 1444-43, 10 L.Ed.2d 605 (1963) (dictum); Eastern Industries, Inc. v. Joseph Ciccone & Sons, Inc., 532 F.Supp. 726 (E.D.Pa.1982); but see Sweeney v. Abramovitz, 449 F.Supp. 213 (D.Conn.1978). There hardly seems a pressing need for such a tort. State tort law of malicious prosecution may reach malicious federal litigation, as we shall see; and a defendant in a malicious federal suit can always ask the judge to protect him by injunction or impose sanctions on the plaintiff or the plaintiff's counsel. See, e.g., Fed.R.Civ.P. 11; 28 U.S.C. Sec. 1927; In re TCI Ltd., 769 F.2d 441 (7th Cir.1985). Whether there is another way to skin this cat--whether the All Writs Act, 28 U.S.C. Sec. 1651, can somehow be used to support a federal injunction designed to assure that an earlier federal judgment is treated as res judicata, as was done in St. Vincent's Hospital & Medical Center v. Division of Human Rights, 553 F.Supp. 375, 378 (S.D.N.Y.1982)--may be doubted in light of cases such as V.N.A. of Greater Tift County, Inc. v. Heckler, 711 F.2d 1020, 1024 n. 5 (11th Cir.1983), but in any event that was not the basis on which the defendants proceeded in the case of which Tarkowski complains.
 
 
 5
 Nevertheless that suit was not malicious, baseless, or designed to harass or retaliate; it was brought in good faith to keep Tarkowski from harassing the defendants. At worst, the defendants simply chose the wrong forum in which to bring such a suit, and should instead have brought it in state court, alleging common law malicious prosecution, on the authority of such cases as Excel Handbag Co. v. Edison Bros. Stores, Inc., 428 So.2d 348 (Fla.App.1983); Gamble v. Webb Quarterback Club, 386 So.2d 455 (Ala.Civ.App.1980); Roy v. Landers, 467 S.W.2d 924 (Mo.1971), and White v. Towers, 37 Cal.2d 727, 235 P.2d 209 (1951)--all cases where relief was sought in a state court against malicious prosecution in a federal court. The defendants would have had a good case under common law principles; the evidence that Tarkowski's suits were baseless and intended merely to harass the defendants is found in the records of numerous judicial proceedings. See, e.g., Tarkowski v. Robert Bartlett Realty Co., 644 F.2d 1204 (7th Cir.1980); United States ex rel. Tarkowski v. County of Lake, 618 F.2d 114 (7th Cir.1980).
 
 
 6
 The defendants' mistake was understandable. It may have seemed to them a peculiar move to ask a state court for a remedy against malicious prosecution in a federal court; although the state court cases cited above were cases of that sort, none was an Illinois case. The defendants may have entertained well-grounded fears that a state court would be rendered powerless by the supremacy clause of the U.S. Constitution to enjoin Tarkowski's continuing to sue them in federal court, see General Atomic Co. v. Felter, 434 U.S. 12, 98 S.Ct. 76, 54 L.Ed.2d 199 (1977) (per curiam), while a damages remedy might be completely inadequate. So it must have seemed that they had a better shot at effective relief in federal court. Maybe they have simply fallen between two stools, and have no adequate remedy anywhere; maybe what they should have done was, in Tarkowski's last federal suit against them, to ask the district judge for an injunction; but these are not matters we need get into here. Although we are of course speculating about what was in the defendants' mind when they brought the federal suit, all that is important is that Tarkowski alleged no facts from which it can be inferred that the defendants knew or should have known they were in the wrong court, and that the defendants' decision to bring a federal suit was not so outlandish that it can be assumed to have been brought in bad faith, to harass rather than to win.
 
 
 7
 The district court was therefore right to dismiss Tarkowski's suit for lack of any factual basis, wholly apart from whether a malicious prosecution action might sometimes be based on section 1983. See Hulcher v. Archer Daniels Midland Co., 88 Ill.App.3d 1, 42 Ill.Dec. 797, 409 N.E.2d 412 (1980). But we are troubled by the court's denying out of hand the defendants' motion for attorney's fees. All the district court said was, "While defendants have prevailed on the merits, this action was neither frivolous nor baseless. Defendants' motion ... is therefore denied." Case law interpreting 42 U.S.C. Sec. 1988 establishes that a defendant who prevails in a federal civil rights suit is entitled to an award of attorney's fees if but only if the suit was frivolous. See, e.g., Soderbeck v. Burnett County, 752 F.2d 285, 295 (7th Cir.1985). But as near as we can determine from the district judge's cryptic order, he conceived "frivolous" to mean based on a completely inadequate legal theory, and he therefore denied the defendants' motion because a suit actually intended to retaliate against Tarkowski for the exercise of his right to bring a federal court suit would be actionable under section 1983. This is not the complete meaning of "frivolous." A suit is frivolous if it has no reasonable basis, whether in fact or in law. See, e.g., McFadden v. Lucas, 713 F.2d 143, 145 (5th Cir.1983); Fed.R.Civ.P. 11 (counsel must certify that complaint is "well grounded in fact"). This one had no reasonable basis in fact. Tarkowski could not hope to show that the defendants had had no basis for seeking to enjoin his efforts to harass them by litigation. They had ample basis; they just picked the wrong forum. All this was perfectly clear when Tarkowski brought this case. It does not matter that he is not a lawyer or represented by one; his error was not legal but factual; he charged bad faith but had no evidence to support the charge.
 
 
 8
 A legally or factually baseless suit is frivolous but even more clearly and reprehensibly so is a suit brought to harass or oppress--a suit that the plaintiff brought not in the hope of winning but solely in order to put the defendant to the burden of defending himself. See, e.g., Alyeska Pipeline Service Co. v. Wilderness Soc'y, 421 U.S. 240, 258-59, 95 S.Ct. 1612, 1622-23, 44 L.Ed.2d 141 (1975); Glick v. Koenig, 766 F.2d 265, 270 (7th Cir.1985). Rule 11 of the Federal Rules of Civil Procedure requires that sanctions be imposed if a pleading or other filing is intended "to harass or to cause unnecessary delay or needless increase in the cost of litigation." This was one of the grounds on which the defendants asked for attorney's fees in this case. The history of Tarkowski's litigation against these defendants suggests that this latest suit is another chapter in a campaign of harassment. The defendants pointed this out in their motion for attorney's fees but the district judge did not mention the point in his order.
 
 
 9
 The defendants established a prima facie entitlement to the modest amount of attorney's fees that they sought, thereby placing on the district judge a burden of explaining his refusal to grant the motion. He may have a valid ground, but that does not appear from his order. The case must therefore be remanded to the district judge for reconsideration, in light of this opinion, of his order denying the defendants' motion for attorney's fees.
 
 
 10
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.