Patricia **PAWLOWSKE**, Plaintiff,

v.

**CHRYSLER CORPORATION**, et al. Defendants.

No. 85 C 4209.

United States District Court, N.D. Illinois, E.D.

Dec. 13, 1985.

Patricia Pawlowske, pro se.

David N. Carvalho, Skadden, Arps, Slate, Meagher & Flom, Chicago, Ill., David W. King, Chrysler Corp., Detroit, Mich., for defendants.

## MEMORANDUM OPINION AND ORDER

WILLIAM T. HART, District Judge.

Plaintiff Pawlowske filed this *pro se* complaint alleging that defendants "did unlawfully and without due process of law remove $568.37 from Plaintiff Pawlowske's payroll check without her permission" and seeking actual damages in the amount withheld, punitive damages of $10,000, and her costs of bringing this suit. Presently before the court are the parties' cross-motions for summary judgment and defendants' motion for sanctions.

There are only two facts pertinent to these motions and they both are undisputed.[1] On June 28, 1984 the Internal Revenue Service (IRS) served a Notice of Levy on Wages, Salary and Other Income on defendant Chrysler Corporation demanding payment of $568.37 from plaintiff's wages.

On July 18, 1984 Chrysler sent the IRS a check in that amount.

## I.

■ Under 26 U.S.C. § 6331(a) the IRS (or more properly the Secretary of the Treasury and that person's agents) has the power to collect delinquent taxes "by levy upon all property and rights to property." The term "levy" is defined in § 6331(b) as including "the power of distraint and seizure by any means." Section 6332(a) obligated Chrysler to surrender that portion of plaintiff's salary called for by the notice of levy. Indeed, had Chrysler not complied with the levy it would have become personally liable under § 6332(c) for the amount plus a penalty equal to half the amount. Section 6332(d) of the Internal Revenue Code states that one who complies with a levy "shall be discharged from any obligation or liability to the delinquent taxpayer with respect to such property or rights to property arising from such [compliance with the levy]." Thus, plaintiff has no right to recover anything from Chrysler (or its employees) because of its compliance with the levy.[2]

■ Despite this perfectly clear law, plaintiff argues that Chrysler is not protected by § 6332(d) because the levy with which it purportedly complied was defective for several reasons. First and foremost, plaintiff argues the levy was ineffective because it was not preceded by a Notice of Seizure and a court order. However, numerous cases make clear that a Notice of Levy is all that is required for the IRS to gain possession of the property (or in plaintiff's phrasing, the Notice of Levy "makes" a levy). See *In re Chicagoland Ideel Cleaners, Inc.*, 495 F.2d 1283, 1285 (7th Cir.1974), aff'd sub nom. *Phelps v. United States*, 421 U.S. 330, 335–37, 95 S.Ct. 1728, 1731–32, 44 L.Ed.2d 201 (1975)

---

1. Neither side has filed the statements required by this court's local rules 12(e) and 12(f) (though defendants' lawyer has filed an affidavit simply stating that all the facts in his brief are true). Nonetheless, the relevant facts are contained in the briefs and are not disputed.

2. Plaintiff does have a way to challenge the levy, but her remedies are against the IRS, not Chrysler. See, e.g., 26 C.F.R. § 301.6343–1(b)(2).

("notice of levy and demand are equivalent to seizure"); *United States v. Pittman,* 449 F.2d 623, 627 (7th Cir.1971); *Rosenblum v. United States,* 300 F.2d 843, 844–45 (1st Cir.1962); *United States v. Eiland,* 223 F.2d 118, 121 (4th Cir.1955). The cases plaintiff relies upon to argue that more than a notice of levy is required were decided under a version of the statute that was replaced in 1954 with significantly different language, and the cases just cited make clear that plaintiff's cases are no longer good law. See 495 F.2d at 1285; 449 F.2d at 627 and n. 3; and 300 F.2d at 845.

Plaintiff's statutory argument for her idea that a Notice of Seizure must precede a levy is based on § 6502(b), which states "The date on which a levy on property or right to property is made shall be the date on which the notice of seizure provided in section 6335(a) is given." That means, argues plaintiff, that a levy is not "made" (i.e., effective) until a notice of seizure is given. Besides being inconsistent with the binding and directly-on-point authority already cited, plaintiff's argument is a distortion of the statute. Section 6502(b) does not define what the IRS must do to make a valid levy; rather, it simply chooses an event (the service of a notice of seizure) from which it can easily be determined whether the IRS's collection attempt falls within the six-year time limit on tax collection stated in § 6502(a). Indeed, plaintiff's interpretation is completely nonsensical because the event she wants to precede a valid levy (the notice of seizure) always comes after the levy. See § 6335(a), stating that "As soon as practicable *after* seizure of property, notice in writing shall be given by the Secretary or his delegate to the owner of the property ..." (emphasis added).

█ As her final argument on this point, plaintiff intimates that judicial process is necessary before her salary can be levied upon. That is simply not so, and the absence of judicial process does not violate any constitutional provision. See *United States v. National Bank of Commerce,* — U.S. —, 105 S.Ct. 2919, 2924–25, 86

L.Ed.2d 565 (1985). Therefore, the notice of levy was sufficient to require defendants to pay the money demanded and to give them the protection of § 6332(d).

Plaintiff also argues that because § 6331 specifically states a notice of levy is sufficient to "make" a levy on the salary of a federal or District of Columbia employee, serving a notice of levy is *not* sufficient to "make" a levy on the salary of a private sector employee. That same argument was clearly rejected in *Sims v. United States,* 359 U.S. 108, 112–13, 79 S.Ct. 641, 644–45, 3 L.Ed.2d 667 (1959), which explains that federal and District of Columbia employees were specifically mentioned to overcome authority treating them differently and to make clear they were to be treated just like every other employee.

█ Finally, plaintiff argues that her wages were not subject to levy because only property "subject to forfeiture" under § 7321 can be seized, and only property that can be seized can be levied upon. However, "it is quite clear, generally, that accrued salaries are property and rights to property subject to levy." *Sims v. United States,* 359 U.S. 108, 110–11, 79 S.Ct. 641, 644, 3 L.Ed.2d 667 (1959). Again, then, plaintiff's argument is blocked by binding precedent she simply ignores. And even on its own terms plaintiff's attempt to smuggle the limitations on forfeiture proceedings into the section on levy fails. Forfeiture and levy are two entirely distinct ways for the IRS to gain possession of property. Neither depends on the provisions respecting the other, and the things each procedure can reach are separately and independently defined. Compare 26 U.S.C. §§ 5607, 5608, 5612, 5613, 5615, 5661, 5671, 5673, 5683, 7601–7604, 7321 (defining property subject to forfeiture) with § 6331(a) (defining property subject to levy). The only way plaintiff has managed to tie the levy and forfeiture provisions together is through the same argument (that notice of seizure must precede a levy) rejected above. Therefore, plaintiff's salary was a proper subject of the levy process.

## II.

Defendants request costs and attorney fees, arguing that this action is frivolous. Fed.R.Civ.P. 11 requires that all pleadings be signed by a party not represented by an attorney and states that by signing her complaint and other filings plaintiff certifies that she

> has read the pleading, motion, or other paper; that to the best of [her] knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.... If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it ... an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing

of the pleading, motion, or other paper, including a reasonable attorney's fee.

▆▆▆ By using the words "shall impose" the rule makes imposition of a sanction where Rule 11 has been violated mandatory. *Eastway Const. Corp. v. City of New York*, 762 F.2d 243, 253–54 and n. 7 (2d Cir.1985) (reversing district court's denial of motion for fees).[3] Subjective bad faith is no longer a prerequisite to Rule 11 sanctions; "[t]he standard is an objective one." *Frazier v. Cast*, 771 F.2d 259, 263 (7th Cir.1985).[4] And as the Rule and the cases make clear, *pro se* litigants are subject to Rule 11, though the concerns of *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), must be taken into account in evaluating *pro se* papers. See, e.g., *Tarkowski v. County of Lake*, 775 F.2d 173, 176 (7th Cir.1985) (reversing and remanding for reconsideration refusal to sanction *pro se* litigant and strongly implying sanctions are required); *Williams v. Duckworth*, 617 F.Supp. 597, 601–02 (N.D.Ind.1985) (awarding attorney's fee and fine payable to court against *pro se* litigant); *Richcreek v. Grecu*, 612 F.Supp. 111, 117 (N.D.Ind.1985) (awarding reason-

---

**3.** In dicta the Seventh Circuit has apparently approved of *Eastway*, though in somewhat guarded language. *In re TCI Ltd.*, 769 F.2d 441, 446 (7th Cir.1985) ("Rule 11 was amended in 1983 to make it easier for a court to award fees, indeed perhaps to make the award mandatory in some cases"; but compare id. at 448, finding that in refusing to award fees for a "baseless" complaint under the *discretionary* standard of 28 U.S.C. § 1927 the trial judge "came close to the line of abuse [of discretion]"). In the later case of *Tarkowski v. County of Lake*, 775 F.2d 173 (7th Cir.1985), the court, without referring to *Eastway*, seems to say that sanctions are mandatory. See id. at 175 ("Rule 11 *requires* that sanctions be imposed if a pleading or other filing [violates the Rule]" (emphasis added)). Some other courts have refused to impose sanctions for a Rule 11 violation either because the violator was *pro se* or the court simply decided in its discretion that sanctions were not warranted. See, e.g., *Blume v. Leake*, 618 F.Supp. 95, 97 (D.Idaho 1985) (giving a *pro se* litigant the "benefit of the doubt" but warning that future violations will result in sanctions); *Bigalk v. Federal Land Bank Ass'n*, 107 F.R.D. 210, 213 (D.Minn.1985) (refusing sanctions because *pro se* litigants had not been able to get counsel and "showed that their efforts were sincere"); *Baranski v. Serhant*, 106 F.R.D. 247, 249–50

(N.D.Ill.1985) (refusing to sanction a baseless count included due to innocent mistake and interpreting committee notes stating that courts have "discretion to tailor sanctions to the particular facts of the case" as meaning that courts have discretion not to impose sanctions at all). However, those cases cannot be squared with the plain language of the Rule. Discretion is exercised in deciding what to award, not whether.

**4.** In *Davis v. United States*, 104 F.R.D. 509, 512 n. 2 (N.D.Ill.1985), this court followed *Suslick v. Rothschild Securities*, 741 F.2d 1000, 1007 (7th Cir.1984), in requiring subjective bad faith before Rule 11 sanctions could be imposed, but opined that *Suslick* appeared inconsistent with the intent of Rule 11's drafters. In *Rodgers v. Lincoln Towing Service, Inc.*, 771 F.2d 194, 205 (7th Cir.1985), the court made clear that despite *Suslick*'s quotation of the new version of Rule 11 (see 741 F.2d at 1003 n. 3) the *Suslick* court was interpreting the old version of Rule 11 so no inconsistency was committed. See also *Indianapolis Colts v. Mayor & City Council of Baltimore*, 775 F.2d 177, 181 (7th Cir.1985) (noting that the 1983 amendment of Rule 11 "changed the standard for finding a violation of the rule from a subjective to an objective standard").

able attorney's fees against *pro se* tax litigant); *Johnson v. United States*, 607 F.Supp. 347, 349–50 (E.D.Mo.1985) (same); *Miller v. United States*, 604 F.Supp. 804, 805–06 (E.D.Mo.1985) (same). Finally, the Seventh Circuit has repeatedly warned that tax litigants who clog the courts with frivolous arguments will be sanctioned. See *Lovell v. United States*, 755 F.2d 517, 519–20 (7th Cir.1984), and cases cited therein.

 Plaintiff claims her arguments have never been made before, and the advisory committee notes to Rule 11 do say that sanctions should not be used to chill creativity, but clearly creativity is not enough by itself. The creativity must be in service of a good faith application of the law or at least a good faith request for a change in the law. Plaintiff has done neither here. This is precisely the sort of "creativity" Rule 11 should chill. Cf. *In re TCI Ltd.*, 769 F.2d 441, 447–48 (7th Cir. 1985) (upholding sanctions under 28 U.S.C. § 1927 against the same argument).

Plaintiff also claims that the dissent in *United States v. National Bank of Commerce*, — U.S. ——, 105 S.Ct. 2919, 2931–39, 86 L.Ed.2d 565 (1985), shows "that interpretation of the intent and application of the Internal Revenue Code is still being questioned in 1985, and subject[ed] to review" (brief opposing summary judgment at 10). However, the issue that provoked dissent in the *National Bank* case is entirely different from that involved here and to the extent it is relevant here *National Bank* shows plaintiff's complaint has no basis in law, so that case does nothing to show that the actions plaintiff here challenges are open to question.

Each of plaintiff's arguments was precluded by precedent and invalid on its merits. The court concludes plaintiff violated Rule 11 and sanctions must be imposed. However, this court lacks the information necessary to determine what sanction is appropriate. Defendants are therefore directed to file not later than December 31, 1985 a statement as to what their costs and attorney's fees have been, properly supported by affidavit. Plaintiff may file a response, including if she wishes a statement concerning her financial ability, no later than January 21, 1986.

If plaintiff wishes to appeal this court's decision denying her motion for summary judgment and granting defendants' motion for summary judgment and sanctions, she must do so by filing a notice of appeal with this court no later than thirty days from the date of this opinion. Her time for filing a notice of appeal is *not* suspended while this court considers the issue of an appropriate sanction. *Exchange Nat. Bank of Chicago v. Daniels*, 763 F.2d 286, 291 (7th Cir.1985). This court will not lose jurisdiction of the sanctions question if plaintiff does appeal. *Patzer v. Board of Regents*, 763 F.2d 851, 859 (7th Cir.1985).

IT IS THEREFORE ORDERED that plaintiff's motion for summary judgment is denied, defendants' motion for summary judgment and sanctions is granted, and judgment is entered against plaintiff and in favor of defendants. Defendant shall file a statement of the fees and costs incurred in this action no later than December 31, 1985 and plaintiff shall file any response no later than January 21, 1986.