**TEAMSTERS LOCAL 282 PENSION TRUST FUND, Plaintiff,**

v.

**Anthony G. ANGELOS, et al., Defendants.**

**No. 84 C 1312.**

United States District Court, N.D. Illinois, E.D.

June 8, 1984.

---

Sherman M. Carmell, Lisa B. Moss, Carmell, Charone & Widmer, Ltd., Chicago, Ill., Edward J. Boyle, Thomas R. Monisero, Wilson, Elser, Edelman & Dicker, New York City, for plaintiff.

Bruce A. Featherstone, Mark E. Ferguson, Kirkland & Ellis, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Teamsters Local 282 Pension Trust Fund ("Fund") sues ten defendants,[1] charging them with:

    1.  violation of Securities Act of 1933 § 17(a), 15 U.S.C. § 77q(a) ("Section 17(a)") (Count I);

    2.  violation of Securities Exchange Act of 1934 § 10(b), 15 U.S.C. § 78j(b) ("Section 10(b)") and related SEC Rule 10b–5 (Count II);

    3.  common law fraud (Count III); and

    4.  negligent misrepresentation (Count IV).

Several of the defendants now move for summary judgment under Fed.R.Civ.P. ("Rule") 56, contending the present action is barred by collateral estoppel.[2] For the reasons stated in this memorandum opinion and order, that motion is granted and the action is dismissed as to all defendants.

### Facts [3]

In 1981 certain Fund beneficiaries sued Fund's Trustees ("Trustees") under 29 U.S.C. § 1104(a) for breach of their fiduciary duty, challenging Trustees' actions in connection with a loan to Bancorporation and its wholly-owned subsidiary, Des Plaines Bank ("Bank"). In 1982 the Secretary of Labor commenced an action against Trustees alleging the same breach of duty.[4] In both actions Fund was joined as a defendant, and after the actions were consolidated for pretrial purposes both Fund and Trustees brought third-party actions in each case against Directors and their law firm, alleging the same claims set forth in this action.[5]

In July 1983 District Judge Jacob Mishler issued his findings and conclusions based upon the evidence adduced during his bench trial, *Katsaros v. Cody*, 568 F.Supp. 360 (E.D.N.Y.1983). Several findings were plainly relevant for current purposes (*id.* at 367):

    1.  Trustees violated their fiduciary duty by failing to make an independent investigation of Bancorporation's and Bank's financial situation.

    2.  Such duty to make an independent investigation included the duty not to rely on Directors' "representations, predictions and hopes."

    3.  If Trustees had made an independent investigation, they would have discovered it was imprudent to make the loan to Bancorporation and Bank based upon the financial information presented by Directors.

If those determinations adverse to Trustees are similarly binding as to Fund here, this action must fail for obvious reasons. All Fund's claims rest on asserted misrepresentations on which Fund claims to have relied. If Fund had no right to rely on those representations (indeed had the duty

---

**1.** Defendants originally comprised nine directors of Des Plaines Bancorporation, Inc. ("Bancorporation")—Anthony G. Angelos, C.J. Bassler, Jr., Jonathan T. Howe, Clarence L. Jensen, Lambrose Karkazis, James C. Kirie, James Kokonas, James Verros and Herbert C. Wenske (collectively "Directors")—and the law firm of Jenner & Block. Fund has since elected to dismiss its claims against directors Verros and Wenske.

**2.** Defendants have also argued (a) Counts I and II are barred by the statute of limitations and (b) Count IV's theory is legally unavailable to Fund. Because this Court finds the collateral estoppel argument persuasive, these other arguments need not be addressed.

**3.** This recitation of facts is drawn from the parties' submissions. Of course any inferences reasonably to be drawn from the established facts are viewed in the light most favorable to the non-movant Fund. *Korf v. Ball State University*, 726 F.2d 1222, 1226 (7th Cir.1984).

**4.** Both actions were filed in the United States District Court for the Eastern District of New York.

**5.** Those third party actions were severed from the main cases and eventually dismissed as not procedurally appropriate.

*not* to do so), an essential linchpin to all its claims is missing. Hence this opinion turns to a consideration of whether collateral estoppel applies against Fund, as it clearly would against Trustees.

### Collateral Estoppel

■ Three determinations must be made to apply collateral estoppel as to an issue in a later proceeding:

1. Is the relevant issue in the second suit the same as an issue in the first?

2. Was that issue actually and necessarily litigated and determined in the first suit?

3. Did the party against whom estoppel is asserted have a "full and fair opportunity" to litigate the issue?

*Kremer v. Chemical Construction Corp.,* 456 U.S. 461, 480–81, 102 S.Ct. 1883, 1896–97, 72 L.Ed.2d 262 (1982); *Whitley v. Seibel,* 676 F.2d 245, 248, 250 (7th Cir.), *cert. denied,* 459 U.S. 942, 103 S.Ct. 254, 74 L.Ed.2d 198 (1982).

### 1. *Two Actions with the Same Issue*

■ Each of the four theories asserted by Fund here shares an essential element in common with the others—Fund must have relied on Directors' representations *justifiably:*

1. As to Count I (on the perhaps questionable assumption Fund has *any* cause of action under Section 17(a), as to which see *Caliber Partners, Ltd. v. Affeld,* 583 F.Supp. 1308, at 1312–13 nn. 9–12 (N.D.Ill. 1984)): *Peoria Union Stock Yards Co. v. Penn Mutual Life Ins. Co.,* 698 F.2d 320, 323 (7th Cir.1983) ("Rule 10b–5 tracks section 17(a) closely"); *Walck v. American*

Stock Exchange, Inc., 687 F.2d 778, 789 n. 16 (3d Cir.1982), *cert. denied,* — U.S. ——, 103 S.Ct. 2118, 77 L.Ed.2d 1300 (1983); *Kramas v. Security Gas & Oil, Inc.,* 672 F.2d 766, 769–70 (9th Cir.), *cert. denied,* 459 U.S. 1035, 103 S.Ct. 444, 74 L.Ed.2d 600 (1982) and cases cited therein.

2. As to Count II: *Zobrist v. Coal-X, Inc.,* 708 F.2d 1511, 1516 (10th Cir.1983); *Atchley v. Qonaar Corp.,* 704 F.2d 355, 359 (7th Cir.1983).

3. As to Count III: *Central States Joint Board v. Continental Assurance Co.,* 117 Ill.App.3d 600, 607, 73 Ill.Dec. 107, 453 N.E.2d 932, 937 (1st Dist.1983).

4. As to Count IV: *Penrod v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 68 Ill.App.3d 75, 81, 24 Ill.Dec. 464, 469, 385 N.E.2d 376, 381 (3d Dist.1979).

In the earlier cases Judge Mishler specifically held Trustees, acting on Fund's behalf, had and *breached* a duty to investigate the very wrongdoing of which Fund now complains. That duty "includes the negative obligation of not relying on the representations ... of a borrower" (568 F.Supp. at 367). By definition then any such reliance could not have been justifiable. And because the collective obligation of Trustees was the obligation of Fund,[6] just as the representations of Directors were the representations of Bancorporation and Bank as borrowers, the justifiable-reliance issue as litigated in the New York actions is indeed the same issue that would need to be litigated in this action.[7]

### 2. *"Actually and Necessarily Litigated and Determined"*

It is beyond cavil that the issue of Trustees' duty to investigate was the founda-

---

6. As an artificial "person," Fund must perforce have acted (or failed to act) through its Trustees or other agents. *All* its Trustees were defendants in the New York actions, so in the real world sense (and the legal sense) any claimed distinction between Judge Mishler's decision that *Trustees* were obligated not to rely on Directors' representations and a decision that *Fund* was obligated not to rely on those representations would be totally artificial.

7. Fund seeks to make much of Judge Mishler's comments about the difference in issues. Those comments are really taken out of context, for Judge Mishler was never called on to consider the relationship of the issues in anything resembling a collateral estoppel context. Be that as it may, it is always the job of the second court, not the first court, to determine the collateral estoppel effect of the first court's decision. See *Car Carriers, Inc. v. Ford Motor Co.,* 583 F.Supp. 221, at 223 (N.D.Ill.1984).

tion of Judge Mishler's holding Trustees guilty of a breach of their fiduciary duty. Even Fund does not really contend otherwise.

### 3. *Full and Fair Opportunity To Litigate*

At a May 9, 1984 status hearing this Court requested the parties to address what Fund (not Trustees) actually did in the New York lawsuit to litigate the issue. That inquiry was prompted by this Court's concerns:

1. whether (as often occurs, for example, with a corporation named in a stockholder derivative action that charges an entire board of directors with wrongdoing) Fund may have been merely a passive onlooker in the earlier proceeding; or even

2. whether Fund's interest as the prospective beneficiary of any recovery against Trustees may have led it to try to establish the *non* existence of Trustees' right to rely on Directors' representations, rather than the opposite, in the New York litigation.

In response to this Court's question, Fund argues that even though it was named a defendant in the New York lawsuits, it was a nominal defendant only, joined for procedural purposes. In that capacity, Fund urges, collateral estoppel should not be applied against it. 1B *Moore's Federal Practice* ¶ 0.411[5], at 439–40 n. 5.[8]

But even if Fund may have had a right to be treated as a nominal party in the New York lawsuits, that does not prevent the operation of collateral estoppel if Fund *in fact* actually litigated the critical issue. See *United States v. Jensen,* 608 F.2d 1349, 1355 (10th Cir.1979). Defendants present conclusive evidence that Fund, though represented by its own separate counsel, not Trustee's counsel, vigorously argued before Judge Mishler *against* a finding that Trustees had breached their fiduciary duty. Some of Fund's activities at trial include:

1. making of an opening statement;

2. cross-examination of witnesses;

3. filing of a motion for directed verdict;

4. offering and introduction of evidence;

5. making of evidentiary objections; and

6. filing of a post-trial memorandum.

In all those activities Fund was not at all passive or neutral, but actively entered the lists by (and on) the side of Trustees.[9] Fund clearly had and exercised a full and

---

**8.** Defendants try to avoid any need to examine Fund's own conduct in the New York litigation by arguing Fund is in privity with Trustees, so that Trustees' actions automatically bind Fund. That position is analytically unsound. Fund's common interest, in this situation where Trustees breached their fiduciary duty to Fund and the beneficiaries, lies with the beneficiaries and not Trustees. See *In re Gottheiner,* 703 F.2d 1136, 1139 (9th Cir.1983). But in any event Fund was itself a *party,* so privity need not be found to estop Fund collaterally so long as it was itself active in the proceedings.

**9.** It was particularly distressing to receive Fund's supplemental memorandum, filed in response to this Court's pointed inquiry at the May 9 status hearing. That memorandum was filed by Fund's lawyers in this case, the *same law firm* and *same lawyer* that had represented *Trustees* before Judge Mishler and have just argued on Trustees' behalf the appeal from Judge Mishler's decision (indeed that same law-

yer filed an extensive affidavit in this case as to the facts regarding the New York proceedings; perhaps "facts" is a misnomer, for the affidavit followed the frequent New York practice of annexing a jurat to an amalgam of facts, hearsay attribution of information clearly not within the affiant's knowledge, conclusions and legal arguments—it is really a brief rather than a true affidavit). Yet the memorandum says "Fund was merely a formal party" (Mem. 2) and "maintained an entirely passive posture with respect to the imprudence claims asserted against the Trustees" (Mem. 3), though counsel had to know better. Howe's Reply Memorandum put the lie to that proposition with a recital of the active involvement of Fund's counsel in New York (R.Mem. 5–6, citing chapter and verse, including transcript references) and the enclosure of Fund's 34-page post-trial memorandum, which urged dismissal of both New York actions because of plaintiffs' claimed failure to prove Trustees' violation of their fiduciary duties under ERISA.

fair opportunity to litigate the issue critical to this proceeding.

In sum, Fund deliberately sided with Trustees in the first round of litigation, maintaining Trustees were innocent of any wrongdoing because they relied on the borrowers' representations. That argument was unsuccessful because Judge Mishler held Trustees had no right to rely—indeed had a duty *not* to rely. Trustees were held culpable. Fund cannot now argue afresh Trustees' asserted justifiable reliance, a necessary prerequisite to recovery on each of Fund's current four theories against Directors.

### Conclusion

There is no genuine issue of material fact, and moving defendants are entitled to a judgment as a matter of law. Their motion for summary judgment is granted. Because the collateral estoppel ground supporting their motion forecloses Fund's claims against all defendants, this action is dismissed in its entirety.