**TEAMSTERS LOCAL 282 PENSION TRUST FUND, Plaintiff-Appellant,**

v.

**Anthony G. ANGELOS, et al., Defendants-Appellees.**

No. 86–1122.

United States Court of Appeals, Seventh Circuit.

Argued Sept. 18, 1986.
Decided March 17, 1987.

Edward J. Boyle, Wilson, Elser, Moskowitz, Edelman & Dicker, New York City, for plaintiff-appellant.

John Powers Crowley, Matthew F. Kennelly, Margaret L. Paris, Cotsirilos & Crowley, Ltd., Chicago, Ill., for defendants-appellees.

Before WOOD, COFFEY and RIPPLE, Circuit Judges.

RIPPLE, Circuit Judge.

This action is the most recent in a series of cases involving the Teamsters Local 282 Pension Trust Fund (Fund) and its two million dollar loan to the Des Plaines Bancorporation, Inc. (Bancorporation), a bank holding company whose principal asset was the Des Plaines Bank (Bank). The Fund appeals the district court's order granting summary judgment to the appellees[1] on the ground that the federal securities claims are time-barred. For the reasons set forth in this opinion we affirm the judgment of the district court.

## I

### Facts

In March 1979, the Fund made a two million dollar loan to Bancorporation for the use and benefit of Bancorporation's wholly-owned subsidiary, the Bank. The Bank was indebted to Central National Bank of Chicago (CNB) and came under threat of foreclosure when, in February 1979, CNB notified the Bank that it would permit no further extensions of the time to repay the loan. In late January 1979, appellee Angelos contacted Fund trustee John Cody about the possibility of arranging a loan from the Fund to the Bank. Loan negotiations took place during the month of February. On February 27th, the Fund's trustees (Trustees) voted unanimously to approve the loan. Bancorporation pledged the Bank's stock as part of the security for the loan. Bancorporation also furnished an opinion letter from the law firm of Jenner & Block stating that there were no actions, suits or proceedings pending against Bancorporation or Bank that would adversely affect the operations of either.

Bancorporation did not disclose to the Fund the fact that, during February 1979, the Federal Deposit Insurance Corporation (FDIC) was completing its semi-annual audit of the Bank. The FDIC audit revealed several serious deficiencies in the operations of the Bank: inadequate capitalization, ineffective loan administration, insufficient liquidity, violation of laws and regulations, and failure of the board of directors to supervise the Bank properly.

In March 1981, two years after the Fund made the loan, Bancorporation defaulted on its semi-annual loan payments to the Fund. However, two weeks later, the Bank was closed by state and federal regulatory officials and placed under the receivership of the FDIC. The loan thus became uncollectible.

This suit is one of three filed after Bancorporation's default. In *Katsaros v. Cody*, 568 F.Supp. 360 (E.D.N.Y.1983), *aff'd as modified*, 744 F.2d 270 (2d Cir.), *cert. denied*, 469 U.S. 1072, 105 S.Ct. 565, 83 L.Ed.2d 506 (1984), certain of the Fund's participants sued the Trustees of the Fund under section 404 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1101, *et seq.*, claiming that the

---

1. The appellees are former directors of Bancorporation and the law firm Jenner & Block.

Trustees breached their fiduciary duties to the Fund by approving the two million dollar loan. The *Katsaros* court found that the Trustees had breached their fiduciary duties to the Fund by approving the loan without seeking independent, outside counsel or making an independent investigation of the borrower. The Second Circuit, in affirming the district court in *Katsaros*, determined that "[a] reasonable investigation would have revealed evidence that the loan was totally unsound." 744 F.2d at 279.

The second suit was brought by the Secretary of Labor, also alleging that the Trustees breached their fiduciary duties under ERISA by making the loan. *Donovan v. Cody*, Civ. No. 82–1920 (E.D.N.Y.). *Donovan* was consolidated for trial with *Katsaros* in the United States District Court for the Eastern District of New York.

The present action was initiated by the Fund as plaintiff against directors of Bancorporation and the law firm of Jenner & Block. The complaint alleged four counts. The first count alleged a violation of section 17(a) of the Securities Act of 1933. Count II alleged a violation of section 10(b) of the Securities Exchange Act of 1934 and the related SEC Rule 10b–5. Counts III and IV alleged state common law fraud and negligent misrepresentation. The defendants moved for summary judgment contending that the action was barred by collateral estoppel. The district court granted the defendants' motion for summary judgment as to all defendants. *Teamsters Local 282 Pension Trust Fund v. Angelos*, 585 F.Supp. 1401, 1405 (N.D.Ill. 1984) (Teamsters I). The Fund appealed the district court's grant of summary judgment. This court affirmed the grant of summary judgment in favor of the defendants on the Fund's claim of negligent misrepresentation under Illinois law. However, the remainder of the judgment was reversed, and the case was remanded for further proceedings. This court held that, while the New York litigation established that the Trustees breached their fiduciary duty to investigate Bancorporation and the Bank before making the loan, such a fail-

ure to investigate does not relieve the other party of liability for securities fraud. Thus, the grant of summary judgment for defendants on Counts I, II and III was inappropriate. *Teamsters Local 282 Pension Trust Fund v. Angelos*, 762 F.2d 522, 531–32 (7th Cir.1985) (Teamsters II).

On remand the district court addressed the following questions:

1. whether [the] Fund had brought suit after the expiration of the applicable statute of limitations;

2. whether the transaction in suit involves a security and:

   (a) if so, whether defendants had made false statements or material omissions with the degree of scienter required by *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 96 S.Ct. 1375, 47 L.Ed.2d 668 (1976) and *Sundstrand Corp. v. Sun Chemical Corp.*, 553 F.2d 1033 (7th Cir.), *cert. denied*, 434 U.S. 875, 98 S.Ct. 224, 54 L.Ed.2d 155 (1977), or

   (b) if not, whether there is any other basis for federal jurisdiction over the remaining state-law fraud claim.

*Teamsters Local 282 Pension Trust Fund v. Angelos*, 624 F.Supp. 959, 960 (N.D.Ill. 1985) (Teamsters III).

The district court found it necessary to answer only the first question regarding the applicable statute of limitations. Four directors and the law firm Jenner & Block moved for summary judgment under Fed. R.Civ.P. 56 arguing that the action is time-barred. *Id.* at 963. The district court granted the defendants' motion for summary judgment and dismissed the action as to all defendants. *Id.* at 965. The court stated that the applicable statute of limitations in an action based on a federal securities law claim is the statute of limitations of the forum state. *Id.* at 962. Following *Parrent v. Midwest Rug Mills, Inc.*, 455 F.2d 123 (7th Cir.1972), the district court held that the applicable statute of limitations for federal securities law actions in Illinois is the three-year statute of limitations of the Illinois securities law. 624 F.Supp. at 962. The district court also held that the limitations period should not be tolled on the

facts of this case. The United States District Court for the Eastern District of New York in the *Katsaros* litigation had already established the Fund's lack of due diligence in making a pre-loan investigation of Bancorporation and the Bank. *Id.* at 964–65. Collateral estoppel, held the district court, thus prevented the fund from asserting in this action that it had exercised the due diligence that is a predicate for equitable tolling of the statute of limitations. *Id.* at 965. The district court also declined to exercise pendent jurisdiction over appellant's common law fraud claim and dismissed it for lack of subject matter jurisdiction. *Id.*

## II

### The Applicable Statute of Limitations

■ The Fund invites us to reconsider this court's holding in *Parrent*, 455 F.2d 123, that the applicable statute of limitations in a federal securities law claim in Illinois is the three-year limitations period of the Illinois securities law. It submits that such reconsideration is required in light of the Supreme Court's holding in *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 96 S.Ct. 1375, 47 L.Ed.2d 668 (1976). We must decline this invitation.

This court has had several occasions to consider whether *Hochfelder* (requiring the element of scienter in a Rule 10b–5 claim) mandates the application of the Illinois five-year statute of limitations for common law fraud actions instead of the three-year period of the Illinois securities law. This court has consistently held in post-*Hochfelder* cases that the three-year statute of

limitations of the Illinois securities law continues to apply.[2] Indeed, as long ago as *Cahill v. Ernst & Ernst*, 625 F.2d 151, 156 (7th Cir.1980), a post-*Hochfelder* case, we noted that a concern for predictability and certainty in the law required that we hold a steady course with respect to this statute of limitations issue: "[P]arties to litigation within this circuit have become accustomed since 1972 to our adoption of state securities law limitations in section 10(b) cases. For us to change the applicable limitation period without good and substantial cause would add an unnecessary uncertainty to the prosecution of federal claims under section 10(b)." Those concerns are even stronger seven years later. The principle of stare decisis requires this result. The bench and bar of the Seventh Circuit have relied on a fifteen-year history of applying the Illinois securities law statute of limitations to federal securities law claims arising in Illinois.

We are aware that there is a significant degree of confusion throughout the country regarding the appropriate methodology for selecting the appropriate state statute of limitations in securities cases. The selection of a statute of limitations is primarily a legislative task. When, as here, that task is left by default to the judiciary to accomplish by finding the most closely analogous state statute, such diversity in approach is inevitable. However, until the Congress sees fit to remedy the situation by the enactment of a uniform limitations period, we shall maintain our present course. In our view, it provides a fair and predictable approach to the limitations is-

---

**2.** *Andrews v. Heinhold Commodities, Inc.,* 771 F.2d 184, 186 (7th Cir.1985) ("Because the federal statutes giving rise to Andrews' claim contain no express statute of limitations, federal courts must borrow the applicable statute from analogous state law, which in Illinois is the three-year period contained in the Illinois securities laws.") (citing *Parrent v. Midwest Rug Mills,* 455 F.2d 123 (7th Cir.1972)); *Suslick v. Rothschild Securities Corp.,* 741 F.2d 1000, 1004 (7th Cir.1984) ("And this Court and the district courts have repeatedly held that the appropriate statute of limitations is the three-year limitation imposed by Ill.Rev.Stat. ch. 121½ § 137.13 D (1977).") (citing *Parrent,* 455 F.2d at 126; *see Peoria Union Stockyards Co. Retirement Plan v. Penn*

*Mut. Life Ins. Co.,* 698 F.2d 320, 326 (7th Cir. 1983) ("[T]he parties agree, as they must, … [that 'the three-year statute of limitations in the Illinois Securities Law'] applies to both the state and federal securities law claims.") (citing *Parrent,* 455 F.2d 123); *Cahill v. Ernst & Ernst,* 625 F.2d 151, 153 (7th Cir.1980)); *Nemkov v. O'Hare Chicago Corp.,* 592 F.2d 351, 355 (7th Cir.1979) ("Illinois' three year statute of limitations is applicable to claims for damages under § 10(b) [of the Securities Exchange Act of 1934] and Rule 10b–5 [and to claims for damages under § 17(a) of the Securities Act of 1933].") (citing *Hupp v. Gray,* 500 F.2d 993, 996 (7th Cir.1974); *Parrent,* 455 F.2d at 125–27).

sue that also furthers the purposes of the federal securities laws. Indeed, we hardly stand alone in our approach. Other courts have also recognized that the general commonality of purpose shared by the federal and state securities laws makes the state's limitations period particularly appropriate for use in federal securities law claims. *See, e.g., White v. Sanders,* 650 F.2d 627, 632 (5th Cir.1981); *O'Hara v. Kovens,* 625 F.2d 15, 17 (4th Cir.1980), *cert. denied,* 449 U.S. 1124, 101 S.Ct. 939, 67 L.Ed.2d 109 (1981); *Morris v. Stifel, Nicolaus & Co.,* 600 F.2d 139, 142–44 (8th Cir.1979); *Forrestal Village, Inc. v. Graham,* 551 F.2d 411, 414 (D.C.Cir.1977).

Accordingly, we hold that the district court appropriately applied the three-year statute of limitations period of the Illinois securities statute to the present claims.

### III

### Tolling of the Statute of Limitations

■ The Fund filed this suit almost five years after the loan was made to Bancorporation. The Fund argues that, even if the applicable statute of limitations is the three-year period of the Illinois securities law, the limitations period should be tolled.

The appellees counter that principles of collateral estoppel [3] apply and bar the Fund from trying to prove that it exercised due diligence in investigating the loan.

The statute of limitations may be tolled in a federal securities law action "where the fraud goes undiscovered even though the defendant does nothing to conceal it." *Suslick v. Rothschild Securities Corp.,* 741 F.2d 1000, 1004 (7th Cir.1984); *see Tomera v. Galt,* 511 F.2d 504, 510 (7th Cir.1975).[4] However, the plaintiff must allege and prove that it remained unaware of the fraud " 'without any fault or want of diligence or care on [its] part.' " *Hupp v. Gray,* 500 F.2d 993, 996 (7th Cir.1974) (quoting *Bailey v. Glover,* 88 U.S. (21 Wall.) 342, 348, 22 L.Ed. 636 (1874)). Thus, "[t]he plaintiff ... has the burden of showing that he 'exercised reasonable care and diligence in seeking to learn the facts which would disclose fraud.' " *Hupp,* 500 F.2d at 996 (quoting *Morgan v. Koch,* 419 F.2d 993, 997 (7th Cir.1969)). We must decide whether the previous finding of the federal district court in New York that the Fund "fail[ed] to use that degree of care, skill, prudence and diligence that a prudent man would exercise under the circumstances then prevailing," *Katsaros,* 568 F.Supp.

3. Collateral estoppel is a judicially-created doctrine that is properly applied when an issue raised by a party to a suit has been actually and necessarily litigated in a prior suit and when the party against whom estoppel is asserted has had a "full and fair opportunity" to litigate the issue. *Kremer v. Chemical Constr. Corp.,* 456 U.S. 461, 480–81, 102 S.Ct. 1883, 1896–97, 72 L.Ed.2d 262 (1982); *Montana v. United States,* 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979). "Under collateral estoppel, once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." *Montana,* 440 U.S. at 153, 99 S.Ct. at 973 (citing *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 326 n. 5, 99 S.Ct. 645, 649 n. 5, 58 L.Ed.2d 552 (1979)).

4. The statute of limitations may also be tolled in a federal securities law action if the plaintiff alleges and proves that the fraud remained undisclosed because the defendant took additional affirmative steps after committing the fraud to keep it concealed. *Suslick,* 741 F.2d at 1004; *Peoria Union Stock Yards Co. Retirement Plan,* 698 F.2d at 326 ("The statute of limitations in a securities fraud case is tolled if the seller keeps the buyer from learning that the seller used misrepresentations and omissions to make the sale.") (citing *Parrent,* 455 F.2d at 128); *Tomera v. Galt,* 511 F.2d 504, 510 (7th Cir.1975). If there is active concealment by the defendant, the limitation period is tolled until actual discovery by the plaintiff. *Suslick,* 741 F.2d at 1004; *Tomera,* 511 F.2d at 510.

The Fund has not previously alleged that the defendant affirmatively concealed a fraud, *see Teamsters Local 282 Pension Trust Fund v. Angelos,* 624 F.Supp. 959, 964 (N.D.Ill.1985) (Teamsters III) ("Fund does not even allege the existence of a coverup."), and it has, therefore, waived any such claim. " 'It is axiomatic that arguments not raised below are waived on appeal.' " *Libertyville Datsun Sales, Inc. v. Nissan Motor Corp.,* 776 F.2d 735, 737 (7th Cir.1985) (quoting *Christmas v. Sanders,* 759 F.2d 1284, 1291 (7th Cir.1985)). Thus, the Fund has no basis for asserting now that the statute of limitations should be tolled because of an affirmative concealment on the part of the defendants-appellees.

at 369,[5] prevents the Fund from now asserting that it exercised reasonable care and diligence to uncover the alleged fraud by Bancorporation and the Bank necessary for the purposes of tolling the statute of limitations.

The Fund argues that the standard applied to the Trustees in the *Katsaros* litigation to determine whether the Trustees had breached their fiduciary duties was a standard different from—and higher than—the standard to which the Fund should be held for the purpose of tolling the statute of limitations. We disagree. The *Katsaros* court found that the Fund had failed to use that degree of care, skill, prudence and diligence that a prudent man would exercise:

> In approving the loan of $2 million to Bankcorporation [sic] the Trustees violated their fiduciary obligation to the participants and beneficiaries of the Fund under Section 404(a)(1)(B) of ERISA, 29 U.S.C. § 1104(a)(1)(B), by failing to use that degree of care, skill, prudence and diligence that a prudent man would exercise under the circumstances then prevailing.

*Id.* This is the same standard which governs with respect to tolling the statute of limitations: "The plaintiff ... has the burden of showing that he 'exercised reasonable care and diligence in seeking to learn the facts which would disclose fraud.'" *Hupp,* 500 F.2d at 996 (quoting *Morgan,* 419 F.2d at 997).

## IV

### Conclusion

Summary judgment for the defendants was properly granted by the district court. It is established in this circuit that the statute of limitations may provide a basis for summary judgment. *See Gieringer v. Silverman,* 731 F.2d 1272, 1277 (7th Cir. 1984); *Hupp,* 500 F.2d at 997. The Fund argues that there are genuine issues of material fact that are yet to be litigated and that, therefore, summary judgment was inappropriate. However, because of the application of collateral estoppel, there are no genuine issues of material fact. In both the *Katsaros* litigation and the present litigation, the standard to which the Trustees of the Fund are held is that of an ordinary prudent person. In *Katsaros* the Court determined that the Trustees had not lived up to that standard.

For the foregoing reasons, we hold that the district court properly applied the doctrine of collateral estoppel and properly granted summary judgment for the defendants based on the statute of limitations.

AFFIRMED.

---

5. The holding of the district court was affirmed by the United States Court of Appeals for the Second Circuit. *Katsaros v. Cody,* 744 F.2d 270, 279 (2d Cir.), *cert. denied,* 469 U.S. 1072, 105

S.Ct. 565, 83 L.Ed.2d 506 (1984) ("Prudence is measured according to the objective 'prudent person' standard developed in the common law of trusts.")