**Edward J. JOHN, D.D.S., Plaintiff,**

v.

**Frank K. PHELPS; Frale and Phelps, Ltd.; R. Alan Berggren and Berggren Realty Corporation, Defendants.**

**No. 88 C 9315.**

United States District Court, N.D. Illinois, E.D.

May 5, 1989.

---

Herbert Beigel, Robert G. McCoy, Beigel & Sandler, Chicago, Ill., for plaintiff.

David I. Herbst, David A. Baugh, Jodi I. Firfer, Portes Sharp Herbst & Kravets, Chicago, Ill., for Frank Phelps, and Frale and Phelps, Ltd.

Arnold A. Pagniucci, Sachnoff, Weaver & Rubenstein, Chicago, Ill., for R. Alan Berggren and Berggren Realty Corp.

### ORDER

NORGLE, District Judge.

Before the court is the defendants', Frale and Phelps, Ltd. and Frank K. Phelps, motion to dismiss. *See* Fed.R.Civ.P. 12(b)(6). For the following reasons, the motion is granted.

### FACTS

The facts, as alleged in the Complaint, are as follows. In 1978, plaintiff invested $90,000 in a limited partnership (the "partnership") organized and managed by defendants Phelps and R. Alan Berggren, who served as general partners. The partnership was formed to acquire, construct and operate certain real property. The partnership property has been sold, and in 1987 the partnership ceased operations and distributed its assets. Plaintiff received distribution payments totalling only $30,000.

Plaintiff alleges that defendants made material misrepresentations about plaintiff's percentage interest in the partnership, estimated cash flow, return on equity, and projected occupancy, rent, and fair market value of the property contributed by the general partners. Plaintiff filed his eight-count complaint on November 2, 1988. Count I alleges violation of the Securities Exchange Act, *see* 15 U.S.C. § 78j(b), and Rule 10b–5 promulgated thereunder; Count VII alleges violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), *see* 18 U.S.C. § 1962(c), (d), and Counts II through VI and Count VIII allege pendent state law claims.

## STANDARD

On a motion to dismiss, the allegations of the complaint as well as the reasonable inferences to be drawn from them are taken as true. *Doe v. St. Joseph's Hosp.*, 788 F.2d 411 (7th Cir.1986). The plaintiff need not set out in detail the facts upon which a claim is based, but must allege sufficient facts to outline the cause of action. *Id.* The complaint must state either direct or inferential allegations concerning all of the material elements necessary for recovery under the relevant legal theory. *Mescall v. Burrus*, 603 F.2d 1266 (7th Cir.1979). The court is not required to accept legal conclusions either alleged or inferred from pleaded facts. *Carl Sandburg Village Condominium Ass'n No. 1 v. First Condominium Development Co.*, 758 F.2d 203, 207 (7th Cir.1985). Dismissal under Rule 12(b)(6) is improper unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Papapetropoulous v. Milwaukee Transport Services, Inc.*, 795 F.2d 591, 594 (7th Cir.1986).

## SECTION 10(b) AND RULE 10b–5 CLAIM

Defendants argue that plaintiff's Rule 10b–5 claim is barred by the statute of limitations and should therefore be dismissed. To evaluate this argument, the court must determine the appropriate statute of limitations for a Rule 10b–5 claim,

and to what extent, if any, the limitations period may be equitably tolled.

■ The relevant Illinois securities law provides as follows:

No action shall be brought for relief under this Section ... after 3 years from the date of sale, provided, that if the party bringing the action neither knew nor in the exercise of reasonable diligence should have known of any alleged violation of ... this Act which is the basis for the action, the 3 year period provided herein shall begin to run upon the earlier of (1) the date upon which the party bringing such action has actual knowledge of the alleged violation of this Act, or (2) the date upon which the party bringing such an action has notice of facts which in the exercise of reasonable diligence would lead to actual knowledge of the alleged violation of this Act; *but in no event shall the period of limitation so extended be more than 2 years beyond the expiration of the 3 year period otherwise applicable.*

Ill.Rev.Stat. ch. 121½, § 137.13(D) (1985) (emphasis added). Defendants argue that pursuant to Seventh Circuit holdings, this court must apply both the 3 year limitation period of Illinois law, and the 2 year limitation on extending that limitation period for equitable reasons, as stated in the Illinois statute. *See id.* Thus, defendants argue, an absolute 5 year limitation applies to an action under Rule 10b–5, and because plaintiff filed his claim approximately 9 years after the alleged misrepresentations and omissions of material facts, his Rule 10b–5 claim is time-barred. Plaintiff argues that while the Illinois 3 year limitation period is applicable to Rule 10b–5 actions, the 2 year limitation on equitable tolling is not applicable, but rather the limitation period can be tolled indefinitely.

Until recently, plaintiff's interpretation of the law in this circuit was clearly correct. The Seventh Circuit has stated that the three year limitation period of the Illinois securities statute is applicable to a Rule 10b–5 claim, but the three year period may be equitably tolled. There is no mention of any limitation on the length of time

of the limitation period may be tolled. *Teamsters Local 282 Pension Trust Fund v. Angelos,* 815 F.2d 452, 455–57 (7th Cir. 1987); *Suslick v. Rothschild Securities Corp.,* 741 F.2d 1000, 1004 (7th Cir.1984).

However, most recently, the Seventh Circuit has cast doubt upon the validity of this doctrine. *See Norris v. Wirtz,* 818 F.2d 1329 (7th Cir.1987). The court in *Norris* (composed of a panel distinct from those of *Angelos* and *Suslick* ) sharply criticized the use of Illinois' period of limitations for implied causes of action under federal securities law, because that period is longer than the limitations period for express causes of action under the federal securities laws. *Id.* at 1331–34. The court goes on to state that it is "too late ... to turn back the clock ... but it is timely yet to take account of the original plan in deciding how 'liberal' the tolling rules should be, when existing precedent gives leeway." *Id.* at 1333. The court makes several other statements suggesting that tolling of federal securities claims should not be generously allowed. *Id.* at 1333, 1334. Yet, the court does not articulate any specific length of time beyond which the statute of limitations may not be tolled. On the contrary, it restates the rule stated in *Angelos* and *Suslick. Id.* at 1334.

One court in this district has already confronted the ambiguity created by *Norris,* and found that the rule of *Angelos* and *Suslick* is still binding precedent. *Geeting v. Prizant,* 664 F.Supp. 343, 348 (N.D.Ill. 1987). This court agrees, but also finds that while *Norris* does not overturn *Angelos* and *Suslick,* it implies that extended tolling is disfavored. The court infers from *Norris* that courts should be reluctant to toll the limitation period absent a clear showing that the equities of the situation favor such tolling. The court further infers from *Norris* that the longer the period of tolling requested, the greater the burden on the plaintiff; a longer period is itself a factor in favor of barring a claim, and the plaintiff must demonstrate that the equities of the situation outweigh that factor. Therefore, plaintiffs may raise their equitable tolling arguments, but face a heavy burden because they ask that the statute be tolled for an extensive period of time.

■ The statute of limitations may be tolled for either of two reasons. First, a plaintiff may allege and prove "that the fraud remained undisclosed because the defendant took additional affirmative steps after committing the fraud to keep it concealed." *Angelos,* 815 F.2d at 456 n. 4.[1] Second, a plaintiff may allege and prove "that it remained unaware of the fraud without any fault or want of diligence or care on its part." *Id.* at 456 (citations omitted).

■ Plaintiff has clearly failed to demonstrate that defendants took affirmative steps after committing the fraud to conceal the fraud. Plaintiff admits that he never requested copies of the partnership books and records prior to late 1987, nine years after the alleged violation of Rule 10b–5. Thus, defendants did not actively conceal those materials prior to 1987. Moreover, plaintiff makes no argument on this point in his memorandum opposing the motion to dismiss beyond his conclusory allegation that "plaintiff has adequately pled fraudulent concealment." Memorandum in Opposition at 4. The only "act of concealment" plaintiff has identified is defendants' failure to act affirmatively to disclose their alleged fraud. Yet, "silence or passive conduct does not constitute fraudulent concealment." *Volk v. D. A. Davidson and Co.,* 816 F.2d 1406, 1416 (9th Cir.1987) (citation omitted). Plaintiff must demonstrate actual concealment to satisfy the first category

---

1. This is not included as one of the two categories for tolling the limitation period in the Illinois securities statute. Accordingly, one could argue that even if the Illinois repose period were adopted, it would not restrict the length of the tolling period where the plaintiff demonstrates fraudulent concealment by the defendant. Moreover, as one justification for the limitation period is to protect defendants from stale claims, one could argue that a repose period should not apply to cases where the defendant actively concealed fraud. However, those arguments are not raised by the parties, and need not be addressed, given the court's finding that the rule of *Angelos* and *Suslick* remains as binding precedent.

of equitable tolling, something he has failed to do.

■ The next issue, therefore, is whether plaintiff has demonstrated that he exercised reasonable care and diligence in seeking to learn of the alleged fraud. Put another way, the issue is whether plaintiff has demonstrated that it was reasonable for him to wait nine years before requesting any information about his $90,000 investment.

Plaintiff implicitly argues that certain defendants had a fiduciary relationship with plaintiff and plaintiff therefore exercised reasonable care in relying on those defendants to voluntarily disclose any fraud on their part without any request for information. However, existence of a fiduciary relationship is only one factor a court should consider in determining whether a plaintiff has exercised due diligence. *Hupp v. Gray,* 500 F.2d 993, 997 (7th Cir. 1974); *see also Maggio v. Gerard Freezer & Ice Co.,* 824 F.2d 123, 131 (1st Cir.1987) ("plaintiff must be able to show not only that crucial facts were withheld by defendants owing a duty of full disclosure, but also that he lacked the means to uncover these facts); *General Builders Supply Co. v. River Hill Coal,* 796 F.2d 8, 13 (1st Cir.1986) (a reasonable plaintiff would recognize that a person who gave incorrect investment advice might try to "cover himself," even if that person had a fiduciary relationship with plaintiff). "A court should also consider other factors, including the nature of the fraud alleged, the opportunity to discover the fraud, and the subsequent actions of the defendant." *Hupp,* 500 F.2d at 997.

Considering all relevant factors, the court finds that plaintiff has failed to demonstrate reasonable diligence. Plaintiff apparently made no effort to uncover the facts of the alleged fraud, such as a request for information regarding his investment, for 9 years. Therefore plaintiff did nothing to unearth the fraud for an extended period of time. Once plaintiff requested information in 1987, he apparently received sufficient information to file this lawsuit. Thus, plaintiff had ample opportunity to discover the alleged fraud, and defendants did not prevent him from so doing. These facts indicate a lack of reasonable diligence by plaintiff. The court is unwilling to state that an investor may sidestep the statute of limitations by simply alleging that he left it all to his accountants and lawyers.

Furthermore, two additional factors counsel against tolling in this case. First, the Complaint alleges that defendants overstated the expected cash flow of plaintiff's investment. Yet, a deficiency in cash flow should be noticed within a few years. Plaintiff should have noticed this alleged deficiency and inquired as to the cause.

Second, the court again notes the policy disfavoring extended tolling of the securities statute of limitations. The longer the period of time for which a plaintiff requests tolling, the greater his burden to justify the tolling. As the court finds that plaintiff has failed to meet an "ordinary" burden, it also finds that plaintiff has failed to meet this greater burden. Thus, the court denies plaintiff's request to toll the securities statute of limitations, and finds that Count I of the Complaint is time-barred.

None of this is to say that tolling might not be appropriate regarding plaintiff's other claims. The court holds only that plaintiff's claims under § 10(b) and Rule 10b–5 are time-barred. Having so held, the court need not consider defendants' other arguments for dismissal of the federal securities claims. If the court were to reach those arguments, it would be inclined to find that plaintiff has failed to satisfy the pleading requirements of Fed.R.Civ.P. 9(b) and has failed to adequately plead loss causation.

## RICO CLAIM

■ Defendants argue that plaintiff has failed to adequately plead a "pattern" of racketeering activity, and the court agrees. A "pattern of racketeering activity" is requisite to a RICO violation. *Sedima, S.P. R.L. v. Imrex Co., Inc.,* 473 U.S. 479, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985). "Continuity plus relationship" is necessary to produce a pattern. *Id.*

Since *Sedima,* the Seventh Circuit has elaborated on what constitutes a "pattern of racketeering activity." In *Lipin Enterprises, Inc. v. Lee,* 803 F.2d 322 (7th Cir. 1986), the Seventh Circuit held that alleging twelve acts of fraudulent misrepresentation in order to accomplish a single sale, i.e., twelve acts of mail fraud to induce a purchase of a company, is insufficient to state a claim under RICO. *Id.* at 323. The Seventh Circuit later articulated a more generalizable standard in *Morgan v. Bank of Waukegan,* 804 F.2d 970 (7th Cir.1986). There, the Seventh Circuit called for a case-by-case approach, and directed district courts to consider the following when determining whether a case involves a pattern of racketeering activity: "the number and variety of predicate acts and the length of time over which they are committed, the number of victims, the presence of separate schemes, and the occurrence of distinct injuries. *Id.* at 975.

Most recently, the Seventh Circuit has reaffirmed the standard articulated in *Morgan,* and provided additional guidance through further application of the *Morgan* standard to various factual situations. In *Jones v. Lampe,* 845 F.2d 755 (7th Cir. 1988), the court stated a general rule that predicate acts relating to one overall scheme do not meet the pattern requirement. *Id.* at 758. Therefore, one general scheme, which took several months to complete, concerning one major transaction, four potential victims, one distinct injury, and no threat of repeated harm did not constitute a pattern. *Id.* The court further explained that *Liquid Air Corp. v. Rogers,* 834 F.2d 1297 (7th Cir.1987) (cited by plaintiff) is a narrow exception to this general rule; in *Liquid Air,* the court found a pattern "because of the *repeated* injury caused by defendants." *Id.* 845 F.2d at 759 (emphasis in original); *see also Brandt v. Schal Associates, Inc.,* 854 F.2d 948, 952–54 (7th Cir.1988) (allegation of multiple acts in furtherance of a single scheme of fraud against a single victim fails to meet the pattern requirement, as *Liquid Air* exception is inapplicable because no repeated or multiple injuries occurred, rather the predicate acts were committed only to lower a single contract price).

In this case, the general rule of *Jones,* rather than the exception stated in *Liquid Air,* is applicable. Plaintiff has alleged a number of predicate acts committed in furtherance of a single scheme to induce a single victim to make a single investment. No repeated injuries to plaintiff have been alleged.

Plaintiff argues that because defendants are alleged to have committed fraudulent acts in two other lawsuits, plaintiff has satisfied the "pattern" requirement. To plead a pattern of racketeering activity, a plaintiff must not only allege predicate acts sufficiently continuous to form a pattern, but also must allege those predicate acts with particularity. *See Landon v. GTE Communications Services, Inc.,* 696 F.Supp. 1213, 1217 (N.D.Ill.1988); Fed.R. Civ.P. 9(b). Here, plaintiff merely alleges that defendants "have previously been alleged to commit similar acts of fraud against a limited partner in connection with the operation of an investment [in one lawsuit and] with respect to accounting practices for investments [in the other lawsuit]." Complaint at ¶ 61. Thus, regarding defendants' activities as alleged in those two other lawsuits, plaintiff has alleged fraud only in the most general terms, failing to identify with particularity any specific predicate acts.

Consequently, Count VII is dismissed and the court need not reach the other grounds for dismissal of Count VII urged by defendants. If the court were to reach those arguments, it would be inclined to dismiss Count VII on the grounds that it fails to allege the existence of an enterprise distinct from the persons alleged to have participated in the affairs of the enterprise; it fails to adequately plead proximate cause; and it fails to satisfy the pleading requirements of Rule 9(b).

Counts I and VII are the only counts of plaintiff's eight count complaint which purport to state a federal claim; the court's jurisdiction over Counts II, III, IV, V, VI, and VIII is based purely on pendent jurisdiction. *See United Mine Workers v.*

*Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). "[W]hen the federal claims are disposed of before trial, the state claims should be dismissed without prejudice." *Baltimore Orioles, Inc. v. Major League Baseball Players Association,* 805 F.2d 663, 682 (7th Cir.1986).

In sum, defendants' motion to dismiss is granted. Plaintiff has failed to state a claim upon which relief can be granted as to Counts I and VII, and the court now lacks jurisdiction over Counts II, III, IV, V, VI, and VIII.

IT IS SO ORDERED.